## TOOLE *et al. v.* LANIER.

BECK, J. No grounds for equitable interference with the common-law jurisdiction of the proceedings sought to be enjoined are shown by the petition in this case, and the court did not err in refusing to grant the injunction applied for.

*Judgment affirmed. All the Justices concur.*

Submitted April 18,—Decided May 15, 1907.

Petition for injunction. Before Judge Brand. Jackson superior court. December 3, 1906.

W. H. Toole and C. C. Kimsey, "doing business under the firm name of the Statham Warehouse Company," filed an equitable petition against T. J. Lanier, in which they prayed that he be enjoined from proceeding with either of two suits against them under the firm name of Kimsey & Toole, pending in a certain justice's court. The petition alleges, in substance, that he is indebted to them in the sum of $216.77, for cotton lost or wilfully misplaced by him while employed as their agent in the warehouse business; that the plaintiffs rented the warehouse used for their business from one Wofford, who afterwards sold it to R. S. & T. J. Lanier, and that the plaintiffs "also contracted to pay defendant the sum of $30 per month to act as their agent as aforesaid," that "at the end of the season petitioners were indebted to defendant by reason of said two contracts the sum of $65.56, to wit: as balance on rent of warehouse, $40.10, and as balance on labor account $25.46;" and they have ever been and are ready to pay him all they justly owe him, provided that he account to them and pay

them for the loss caused by his negligence as above set forth; but, disregarding the obligation of his agency and his duty to settle the difference between the amount he owes them and the amount due by them to him, to wit $151.21, he has filed the two suits against them above mentioned. It is alleged that the two suits mentioned amount to no suits at all, because: (1) there has never been such a firm as Kimsey & Toole; (2) the accounts sued on are not accompanied by a bill of particulars; (3) the accounts sued on are not dated; (4) the names of the individuals composing the alleged firm of Kimsey & Toole are not shown; (5) it does not appear what Kimsey or what Toole was served. It is alleged that these objections were made in the justice's court, and that, over objection of counsel for the defendants in said suits, the plaintiff therein was allowed to amend. It is also alleged that while one of the said suits—the one for warehouse rent—was filed in the names of "R. S. D. & T. J. Lanier," it was due to T. J. Lanier, if due to any one; that the petitioners paid R. S. D. Lanier his half of the rent. The petition continues as follows: "Petitioners further show that a court of equity should intervene and prevent the multiplicity of suits which would ensue if said T. J. Lanier is allowed to proceed with" said suits; "that it would be a gross miscarriage of justice for defendant to have a judgment or judgments against them when he is indebted to them in a very much larger amount; but, unless defendant is restrained from proceeding in said justice's court, petitioners will either have to stand by and see illegal and unjust judgments rendered against them, or else will be forced to defend against two suits in said justice's court and also set up their claim of set off in said court, and then, should petitioners be successful, they would be compelled to sue in a higher court for the excess, thus necessitating at least four separate suits; while, should defendant be enjoined from proceeding in said justice's court, the whole controversy can be settled and concluded in one action in this . . court." Attached to the petition are copies of the summons, etc., in each of the suits. One of the suits is by T. J. Lanier against "Kimsey & Toole," on an account for "balance on warehouse work, $28.58," and interest from March 5,. 1905." This was amended by adding, "the same being the amount agreed upon in settlement, July, 1905;" also by adding after the parties sued, "the same being a

company partnership composed of W. H. Toole & C. C. Kimsey." The other suit is by "R. S. D. & T. J. Lanier" against the same defendants, on an account for "balance on warehouse rent, $43.75;" amended by adding: "the same being am't agreed on in settlement Dec., 1905," and by alleging that the defendants are a partnership composed of W. H. Toole and C. C. Kimsey. There are entries of service in each case on "the defendant W. H. Toole," and on "the defendant."

An injunction was refused, and the plaintiffs excepted.

*Lewis C. Russell,* for plaintiffs, cited Civil Code, §§ 4894, 4159.

*Shackelford & Shackelford,* for defendant, cited *Ga. R.* 113/815; 110/640; 79/295, 301; 10/395 (2).