Argued July 13, decided July 25, 1911.

## LEWIS v. PORTLAND RY. LIGHT & POWER CO.

[117 Pac. 423.]

CARRIERS— CARRIAGE OF PASSENGERS— PERSONAL INJURIES— INSTRUCTIONS.

1. Where it appeared that a passenger on a car was, by a collision, thrown against a door, the knob striking her in the back and leaving a black and blue spot the size of the palm of the hand, it was erroneous to charge that there was no evidence of an internal injury.

DAMAGES—PERSONAL INJURIES—PERMANENCY OF INJURY—EVIDENCE.
2. In an action against a carrier for personal injuries, evidence *held* to warrant a finding that the injuries were permanent.

From Multnomah:   JOHN B. CLELAND, Judge.

Statement by MR. JUSTICE MCBRIDE.

This is an action by Mertie C. Lewis against the Portland Railway, Light & Power Company, a corporation, to recover for personal injuries received in a street railway accident.

Plaintiff introduced testimony tending to show that on June 12, 1909, she entered defendant's railway car as a passenger; that all the seats were occupied and the straps in use; and that she took a standing position near the front end of the car, with her back to the front door, holding the hand of a lady, who was sitting near, to steady herself. While in this position, the car collided with a car in front, which was proceeding in the same direction, and the force of the impact was such as to cause plaintiff to fall against the front door. The knob of the door struck her in the small of the back, inflicting the injuries complained of. The force of the collision was not sufficient to break or injure the cars, but there is evidence that persons standing in the aisle were thrown from their feet, and that the lady, whose hand plaintiff was holding, was thrown out of her seat to the floor. Plaintiff was dazed by the injury she received, and was taken to a drug store nearby, where she had a succession of nervous tremors or chills. She was taken to the house of a friend and sent to the hospital the next morning. There was a black and blue spot, approximately the size of the palm of the hand, upon the small of her back. She complained of severe pains in her back and difficulty of urination. She remained in the hospital for a week, and was then sent home, where she was in bed for a month. Up to the time of the trial of this action, five months after the accident, she had been practically

unable to perform any household labor. She testified that any slight jar or exertion caused very severe pains in the small of her back; that there was a constant soreness; and that there had been no perceptible improvement for several months.

The physicians called by her declined to express an opinion as to the extent or permanency of her injuries, saying that in such cases a doctor was compelled to rely, to a great extent, upon the statements of the patient, but stated that, with proper treatment, it was at least probable that she might recover her usual state of health and strength. It was shown that before the accident plaintiff had always enjoyed good health and was able to do her own housework, and was at least up to the standard of the average healthy woman in strength and endurance; that her weight before the accident was 122½ pounds, and at the time of the trial was 102½ pounds.

Defendant's counsel requested the court to instruct the jury that there was no evidence tending to show an external injury, and that they would not be warranted in allowing her any compensation for alleged external injuries, which instruction was refused. Defendant also requested the court to charge the jury that there was no evidence tending to show that plaintiff was permanently injured, and that they would not be warranted in finding any damages on that account. This instruction was also refused. Plaintiff had a verdict for $3,500, and defendant appeals.                    AFFIRMED.

For appellant there was a brief over the names of *Messrs. Wilbur & Spencer, Mr. Arthur M. Dibble* and *Mr. Wilfred E. Farrell* with an oral argument by *Mr. Farrell*.

For respondent there was a brief over the names of *Mr. Milton W. Smith* and *Mr. L. E. Latourette,* with an oral argument by *Mr. Smith*.

MR. JUSTICE MCBRIDE delivered the opinion of the court.

1, 2. Evidence that there was a black and blue spot on plaintiff's back the size of the palm of the hand, and that it resulted from the collision, is certainly evidence of an external injury; and the instruction was properly refused. While the evidence as to the probability of a permanent injury is conflicting and of such a nature that reasonable persons might differ as to its value and effect, we are of the opinion that there was some evidence from which a legitimate inference of probable permanent injury could have been inferred. The fact that five months after the injury the pain in plaintiff's back still continued without sensible abatement, and that she was still unable to perform her household duties, that her weight continued to be 20 pounds less than normal, and her nervous condition was unabated, might justly lead a reasonable man to conclude that the consequences of the injury would continue indefinitely. It is true that physicians and experts called by plaintiff expressed an opinion that, under proper treatment, she might recover; and that experts called by the defense expressed an opinion that she had never received any serious injury. But, as was stated by one physician, the extent of such injuries cannot always be determined by any external examination, and the physician must depend, to a great extent, upon the statement of conditions as detailed by the patient. It follows that, if the physician must rely, to some extent, upon such statement, the jury, if they believe the witness, may do the same.

As remarked by the court in *Macon Railway Co.* v. *Streyer,* 123 Ga. 279 (51 S. E. 342), where a similar question arose, "the evidence as to the permanence of the plaintiff's injuries was by no means strong or convincing, but we cannot say that it was erroneous for the trial judge to give to the jury instructions on the subject of

damages for permanent injuries. It was in evidence that the plaintiff's injuries were received nearly a year before the case was tried, that she had suffered continuously since that time, and that her suffering had not ceased or abated. We know of no law which confines the jury to medical expert testimony in considering a case of this kind, nor can we conceive of any reason why they may not draw their own inferences as to the permanence of an injury from the length of time and the seriousness with which it has continued."

The judgment of the circuit court is affirmed.

AFFIRMED.