## DANIEL & JOHNSON vs. TRICE.

A. purchased from B. certain hides, in vats, at a stipulated price per hide, and of an assumed number, with the understanding that there should be a count made of them, and if they fell short of the number assumed B. should account to, or pay A. for the number deficient, at the price fixed. A count being made, the number was found deficient. A. raised an account against B. for such deficiency, in accordance with the agreement, amounting to $51.00. To a suit afterwards brought by B. against A., on a note, A. pleaded first, failure of consideration, in that the note sued on was given in part consideration of the hides, setting out the agreement and the ascertained deficiency. He also pleaded his account, so raised against B., as a set-off. The proof of the consideration of the note was not clear; but the sale of the hides, the agreement, and deficiency, as stated, were clearly proven. *Held*, that A. was entitled to the allowance of his demand, under one plea or the other.

Debt, in the Superior Court of Spalding county. Tried before Judge CABANISS, at the May Term, 1860.

Thomas C. Trice instituted an action of debt in Spalding Superior Court, against Daniel & Johnson, to recover the amount of an obligation by which the said Daniel & Johnson acknowledged themselves bound to pay said Trice the sum of fifty dollars, by the 25th of December, 1852; said obligation being dated the 8th of January, 1852.

The defendants pleaded to said action, that they purchased from the plaintiff a certain quantity of leather and hides, in the vats of a tanyard, in the city of Griffin; and that it was agreed between the parties that the said hides should be estimated at one dollar and fifty cents per piece, and that if when the hides were counted out, the pieces fell short of the number sold and set out in the vat-book of the tanyard, the plaintiff should pay defendants for the deficiency, and that if the pieces exceeded the number so sold, the defendants should pay for the excess, at the estimate aforesaid; that the hides did fall short, to the amount of fifty-one dollars; that the obligation sued on, was given for a part of the purchase price of said hides, and that the consideration thereof had wholly failed.

The defendants also pleaded the said deficiency in the number of hides and pieces of leather, in the form of a set-off.

On the trial of the case the plaintiff introduced the obligation sued on, and closed.

The defendants then proved the purchase of the leather and hides, by the defendants from the plaintiff; that the number was taken from the vat-book of the tanyard, and the hides were estimated in the trade at one dollar and fifty cents apiece; and that it was the contract and agreement of the parties, that if the leather and hides should fall short of the number sold, the said Trice should make up and pay to the defendants the deficiency; and that if the leather and hides should exceed the number sold, the defendants should pay to said Trice, for the excess, at the same price of the aforesaid estimate; that when the leather and hides were worked out, the number was less than the number sold, by thirty-four, and amounting in value, according to the estimate, to fifty-one dollars.

There was some uncertainty in the testimony as to what the obligation sued on was given for.

There was also some conflict in the testimony as to other points, but none as to the liability of Trice to account for any ascertained deficiency of hides.

The testimony being closed, the presiding Judge charged the jury as follows, to wit:

The defendants must make out the defence on which they rely. They have pleaded both a failure of consideration and set-off. The plea alleges, that the note was given for hides, in the vats of a tanyard; that the vats were represented as containing a specified number of hides, which were sold at a specified price per hide, and that the agreement was, that if there should be a deficiency in the number of hides represented to be in the vats, there should be a deduction from the amount of the sale, according to that deficiency and rate per hide at which they were sold; and the defendants allege that the deficiency in the number of hides in the vats, at the price per hide at which they were sold, is more in amount than the principal of the note sued on, and that there is, therefore, a total failure of consideration. They insist further upon the plea of set-off, that if the consideration of the note be some other than the hides in the vats, still they are entitled to set-off against the note sued on, the amount due them on account of the deficiency in the number of hides represented to be in the vats. And the Court

charges you, that under the agreement between the plaintiff and defendants, these two pleas amount, virtually, to the same thing. To sustain either, the consideration of the note must be shown to be the hides in the vats of the tanyard, sold by the plaintiff to the defendants, and that the vats were represented to contain a specified number of hides which amounts to a warranty that they contained the number specified; and it must further appear by the evidence that they fell short of the number. If these facts have been made to appear by the proof, the defendants are entitled to relief, according to the deficiency of the number of hides in the vats. If the deficiency is equal to or greater than the principal of the note sued on, there is a total failure of consideration, and you must find for the defendants. If less than the principal of the note, then deduct the amount of the deficiency, whatever it may be, and find a verdict for the plaintiff for the remainder. If the defendants have failed to prove the consideration of the note to be the hides in the vats of the tanyard, then find for the plaintiff the principal and interest due on the note with cost of suit. If the consideration of the note is some other than the hides in the vats of the tanyard, sold by plaintiff to defendants, then the plea of set-off, arising from the deficiency in the number of hides, can not be allowed against this note.

To this charge the defendants, by their counsel, excepted.

Counsel for defendants requested the Court to charge the jury as follows:

"That if they believed that the defendants had shown that there was a deficiency of hides in the vats, and it was the contract between plaintiff and defendants that the plaintiff was to account for the deficiency, then the jury might find for the defendants under the plea of set-off, even if the evidence showed the consideration of the note to be some other than the hides in the vats."

The Court refused to give said charge, and remarked to the jury, that if defendants recovered at all, it must be under the plea of failure of consideration.

To which charge, and refusal to charge, counsel for defendants excepted.

The jury rendered a verdict for the defendants with cost of suit.

Counsel for the plaintiff then moved for a new trial in said case, on the following grounds:

Daniel & Johnson vs. Trice.

1. Because the verdict of the jury was contrary to law and the charge of the Court.
2. Because the verdict of the jury was without, and contrary to the evidence in said case.
3. Because there was no mutuality in the set-off relied on in the defence, and the proof showed that only one of the defendants, Egbert P. Daniel, was entitled to said set-off, and that the same did not grow out of, nor was connected with, the consideration of the note sued on in said case.

The presiding Judge sustained the motion and awarded a new trial on the grounds:

1. That the verdict was contrary to, and without evidence to support it; and also contrary to the charge of the Court.

To this decision of the Court, granting a new trial, the defendants excepted and now allege the same to be erroneous.

PEEPLES & MARTIN & DISMUKES, for the plaintiff in error.

ALFORD, for the defendants in error.

*By the Court.*—JENKINS, J., delivering the opinion.

The question in this case is, whether the new trial was properly granted.

The Court below ordered a new trial on the grounds:

1. That the verdict was contrary to evidence.
2. That it was contrary to the charge of the Court.

Upon the first point, we think the evidence fully sustains the verdict. There was no contest as to the cause of action of the plaintiff in the Court below; *that* was not disputed. The defendants had two defences—failure of consideration, and set-off. The verdict of the jury, therefore, must be understood as affirming, either that defendant proved a total failure of consideration, or that he established a set-off equal in amount to plaintiff's demand. The two demands were, in fact, very nearly equal. The proof of defendants' demand consisted in this: that they had purchased of Trice, the plaintiff below, certain leather, and certain hides, in vats, in the process of tanning—the hides being sold at $1.50 each—and the number taken from the vat-book, subject to correc-

tion by a subsequent count; the agreement being that if, on count, the number fell short of that assumed, Trice should account to D. & J. for the deficiency, at the price fixed, and if it was over, D. & J. should pay for the excess, at that price. The evidence establishes a deficiency which, at the price fixed, makes T. liable for $51.00. The amount of the plaintiff's demand was $50.00. The consideration of the note sued on by plaintiff below was, undoubtedly, either the hides so found deficient, or certain leather sold by T. to D. & J. at, or near the same time. If these sales of hides and leather were one transaction, and the note given in part payment, or if they were different transactions, and the note were given in part payment for the hides, in vats, then the defendants below were sustained on the plea of failure of consideration. If D. & J. had fully paid for the hides, in vats, and the note were, in fact, given for leather, or other thing, sold at a different time, then defendants below had a right, under our statute, authorizing sets-off at law (*Cobb's Digest,* 487), to raise and plead as a set-off to this or any other action of assumpsit or debt, brought by this plaintiff against them, an account for this deficiency of hides. They did so plead, and proved their account. It is true that the jury did find against the charge of the Court, on the hypothesis that the hides, in vats, were not the consideration of the note; and it is true that the proof is by no means clear that they were so. The Court below charged the jury, that they could not find for defendants on the plea of set-off, and that if defendants failed to prove that the hides in the vats were the consideration of the note sued on, they must find for the plaintiff the amount of his note, principal and interest. In this, for the reasons given, we think that the Court erred— that the verdict of the jury was right—and should not have been disturbed.

## JUDGMENT.

Whereupon, it is considered and adjudged by the Court, that the judgment of the Court below ordering a new trial be reversed, and the verdict of the jury confirmed.