## MACON RAILWAY & LIGHT COMPANY *v.* STREYER.

1. The plaintiff's evidence as to the negligence of the defendant's employees and the observance of due care by herself and her husband and agent was sufficient to withstand a motion for a nonsuit.
2. In a suit for personal injuries, a charge that " if the evidence shows that [plaintiff's] own negligence caused the injury alleged, she could not recover, though you may believe from the evidence that she was injured and that the company was likewise negligent, provided you believe that the plaintiff's negligence . . was greater than the negligence of the defendant company," is erroneous, in that it states in immediate connection with each other, without proper explanation, two distinct rules of law, qualifying the former by the latter.
3. The jury were authorized to infer that the plaintiff's injuries would be permanent, from the character of her suffering, and the length of time that it had continued up to the date of the trial ; and hence it was not error to charge on the subject of permanent injuries. This is so though there was no direct and positive evidence that her injuries were in fact of a permanent character.
4. The verdict was not excessive, and the grounds of the motion not expressly dealt with in the foregoing show no cause for granting a new trial.

Argued April 11, — Decided June 15, 1905.

Action for damages. Before Judge Hodges. City court of Macon. December 19, 1904.

*Dessau, Harris & Harris*, for plaintiff in error.

*Joseph H. Hall*, contra.

CANDLER, J. Mrs. Streyer sued the Macon Railway and Light Company for damages on account of personal injuries, and obtained a verdict for $1,000. The company moved for a new trial, which was denied, and it excepted.

1. From the evidence for the plaintiff it appeared that on the occasion under investigation Mrs. Streyer, the plaintiff, together with her husband and two children, were driving in a small delivery-wagon on a street in the city of Macon, along which a line of the defendant company ran. The plaintiff's husband was driving. The team was on a side of the street, clear of the car-tracks. At a designated point the plaintiff's husband, desiring to cross the street, started to drive diagonally across the tracks of the defendant. As he did so, he looked ahead, to see if a car was approaching in an opposite direction to the one in which he was going. Just as he did so, one of the children exclaimed : "Papa, watch out for the car !" He turned his head and saw a car approaching from behind. The motorman was looking towards the rear, and consequently could not see him. He motioned to the motorman with his hand, and also called him, at the same time endeavoring to drive off the track, so as to avoid a collision with the car. His efforts were futile, the car collided with the wagon, and the plaintiff received the injuries for which she sued. There was also evidence to the effect that at the time the plaintiff's husband attempted to cross the defendant's tracks, water was being discharged from a plug in the immediate vicinity ; and the defendant contended that this caused the horse to become frightened and unmanageable, rendering it impossible to prevent the collision. The plaintiff's witnesses, however, denied that the gush of the water from the plug frightened the horse. At the conclusion of the evidence for the plaintiff, the defendant made a motion for a nonsuit; and it is argued that the plaintiff's own evidence showed that her husband, who was acting as her agent at the time, was guilty of negligence in not looking back to see if a car was approaching from the rear, and that had he exercised due diligence he would have seen the car and not have attempted to cross the track. The refusal of a nonsuit is here assigned as error.

Negligence is, except in certain well-defined cases, a question for the jury. Had the court below held as matter of law that the failure of the plaintiff or her husband to look behind them as they attempted to cross the tracks was negligence, it would have been error requiring the grant of a new trial. The facts were in evidence — it was for the jury to say whether or not they con-

stituted negligence. It was not error to refuse to grant a non-suit.

2. The motion for a new trial complains of the following charge of the court: "Now the burden of proof is upon the plaintiff to show that she was injured, under the rules I have given you in charge, before any presumption arises; and if the evidence shows that her own negligence caused the injury alleged, she could not recover, though you may believe from the evidence that she was injured and that the company was likewise negligent, provided that you believe that the plaintiff's negligence, from a consideration of the evidence in the case, you believe that the plaintiff's negligence was greater than the negligence of the defendant company, its agents, servants, and employees." It will be seen that this charge states, in immediate connection with each other, two distinct propositions of law, viz., (1) that the plaintiff can not recover if her injuries were caused by her own negligence, and (2) the doctrine of comparative negligence. Following the decisions of this court in *Americus R. Co.* v. *Luckie*, 87 *Ga.* 6, and *Columbus R. Co.* v. *Peddy*, 120 *Ga.* 590 (4), the charge which we have quoted must be held error requiring the grant of a new trial. While we are compelled to so rule, we feel constrained to say that the charge of the court as a whole placed upon the plaintiff a burden greater than she should have been required to bear. We feel sure that all errors in the charge will be corrected by the trial judge upon the resubmission of this case to a jury.

3. The evidence as to the permanence of the plaintiff's injuries was by no means strong or convincing, but we can not say that it was erroneous for the trial judge to give to the jury instructions on the subject of damages for permanent injuries. It was in evidence that the plaintiff's injuries were received nearly a year before the case was tried, that she had suffered continuously since that time, and that her suffering had not ceased or abated. We know of no law which confines the jury to medical expert testimony in considering a case of this kind, nor can we conceive of any reason why they may not draw their own inferences as to the permanence of an injury from the length of time and the seriousness with which it has continued. The Carlisle tables were admitted in evidence without objection by counsel

for the defendant, and it was not error, under the circumstances, for the court to charge the jury as to their use.

4. The verdict was for one thousand dollars. In the light of the plaintiff's evidence as to the extent of her injuries, this amount can not be considered excessive. Of the grounds of the motion for a new trial which were not abandoned, those which have not been considered in the foregoing complain of extracts from the judge's charge, but they do not disclose error of such importance as to require the grant of a new trial. The judgment is reversed for the reasons stated in the second division of this opinion.

*Judgment reversed. All the Justices concur, except Simmons, C. J., absent.*