### 2373.   SOUTHERN RAILWAY COMPANY *v.* PETWAY.

HILL, C. J.   1.   Where the person who  was injured testified as to the extent of his injuries, and that he had suffered much pain and still suffered from his injuries, although received three years before, the court was fully authorized to charge the jury on the subject of pain and suffering and permanent injuries.   The jury were authorized to infer that the effect of the injuries would be permanent, from the character of the suffering and the length of time it had continued.   This is true although a physician testified that the injuries were temporary. The question was for the jury, who could, if they saw fit, attach as much probative value to the testimony of the person injured as to the opinion of the physician.   *Southern Ry. Co.* v. *Tankersley*, 3 *Ga. App.* 548 (60 S. E. 297); *Goodwyn* v. *Central Ry. Co.*, 2 *Ga. App.* 470 (58 S. E. 688); *City of Atlanta* v. *Champe*, 66 *Ga.* 663; *Atlanta Street Ry. Co.* v. *Walker*, 93 *Ga.* 467 (21 S. E. 100); *Macon Ry. & Light Co.* v. *Streyer*, 123 *Ga.* 279 (51 S. E. 342).

2. Where the plaintiff in his testimony gives his age, his occupation, his condition of health before and after his injuries, and his earning capacity when injured and subsequently, sufficient data are given to enable the jury to determine how long he will probably live and labor, and how much the pecuniary value of his life has been diminished by the injuries.   The jury are authorized to make this calculation without the assistance to be derived from mortality and annuity tables.

3. The evidence proved a clear case of liability.   The verdict is sufficiently moderate to rebut any implication of bias or prejudice, and no reason appears why it should be set aside.          *Judgment affirmed.*

Action for damages; from city court of Eastman—Judge Griffin. October 20, 1909.

Argued March 8,—Decided April 19, 1910.

*McDaniel, Alston & Black,* for plaintiff in error.

*Arnold & Arnold, D. M. Roberts & Son,* contra.