## 17179. NEVILLE *v.* NATIONAL LIFE & ACCIDENT INSURANCE CO.

1. The general rule, that erroneous instructions to a jury are not rendered harmless by correct instructions given in another part of the charge unless the judge directs the attention of the jury to the erroneous charge and withdraws it, is subject to the qualification that the charge complained of must be on a material issue and calculated to mislead the jury.

(*a*) An excerpt from a charge should be considered in its relation to its context; and where a sentence standing alone is erroneous because of what is palpably a mere "slip of the tongue," and could not mislead any intelligent man on the jury, the error is harmless.

2. There was evidence to support the verdict, and the judge of the superior court erred in sustaining the certiorari and ordering a new trial.

DECIDED OCTOBER 5, 1926. REHEARING DENIED NOVEMBER 9, 1926.

Certiorari; from Bibb superior court—Judge Malcolm D. Jones. January 30, 1926.

In the municipal court of Macon Alice Neville sued the National Life & Accident Insurance Company on an insurance policy. The case was twice tried in that court. On the first trial the verdict was for the plaintiff. A new trial was granted, and on the second trial the jury found in favor of the plaintiff, for $180, the amount sued for. The insurance company then sued out certiorari, alleging that the verdict was erroneous for two reasons: (1) Because it "is contrary to the law and to the evidence, and is decidedly and strongly against the weight of the evidence, and is without any evidence to support it." (2) Because of the following charge to the jury: "This condition of the policy, that the assured should be in sound health when the policy was issued, would not be operative and binding in law even though the assured did not know, when she made her application, that she was not in sound health, if you find she was not in sound health. If she was in unsound health at the time, whether she knew it or not, she wouldn't be entitled to recover the full amount of the policy, but only the amount of the premiums paid." The judge of the superior court sustained the certiorari and ordered a new trial, and the plaintiff excepted.

New Trial, 29 Cyc. p. 788, n. 3.

Trial, 38 Cyc. p. 1603, n. 59; p. 1778, n. 73; p. 1779, n. 76; p. 1782, n. 82; p. 1784, n. 87.

*R. D. Feagin,* for plaintiff.

*Martin, Martin & Snow,* for defendant.

BLOODWORTH, J. (After stating the foregoing facts.) The record properly presents two questions only for determination by this court: 1st. Should a new trial have been granted because of the error in the charge? 2d. Is there evidence to support the verdict? The second of these questions is sufficiently answered in the second headnote, and we will enlarge upon the first headnote only. The policy sued on contained the following clause: "No obligation is assumed by the company prior to the date hereof, nor unless on said date the assured is alive and in sound health." The defendant on the trial contended that because of this provision the policy never became a valid, binding obligation in law, due to the fact that on the date of the policy the insured was not in sound health. Near the close of the charge to the jury they were told that "This condition of the policy, that the assured should be in sound health when the policy was issued, would not be operative and binding in law even though the assured did not know, when she made her application, that she was not in sound health, if you find she was not in sound health. If she was in unsound health at the time, whether she knew it or not, she wouldn't be entitled to recover the full amount of the policy, but only the amount of the premiums paid." Immediately after this charge and while the jury were still in the box counsel for the insurance company called the attention of the judge to the fact that "the language of the court specifically relating to the condition was couched in the negative, whereas it should have been in the affirmative." The judge answered that he did not think this made any difference, and did not call the attention of the jury to the error or withdraw from them the erroneous instructions. The insurance company insists that this part of the charge was erroneous. Counsel for the plaintiff admits this, but insists that, "taking the entire charge and the portion excepted to, it is as clear as the noonday sun that the jury understood that the court was telling them that it made no difference whether Cilla Dow knew she was in unsound health when the policy was issued or not, yet if she was actually in unsound health, the plaintiff could not recover in the case more than the premiums. De minimis lex non curat. Even if the judge of the municipal court got his words mixed and made a slip of the tongue,

it was an innocuous and harmless slip that could not possibly have misled the jury or harmed the defendant." Preceding the charge complained of the judge had several times given to the jury the correct rule applicable to the condition of the policy, and immediately following the erroneous instruction he told the jury that "If she (the assured) was in unsound health at the time, whether she knew it or not, she wouldn't be entitled to recover the full amount of the policy, but only the amount of the premiums." The plaintiff in error insists that the erroneous charge was a mere "slip of the tongue." In *Hoxie* v. *State,* 114 *Ga.* 23 (6) (39 S. E. 945), the Supreme Court said: "In charging upon the law of self-defense, the trial judge inadvertently used the name of the accused, when evidently intending to refer to the deceased. It was palpably a mere slip of the tongue, and, viewed in the light of what the judge said in this immediate connection, could not possibly have misled or confused any intelligent man sitting as a juror." See *Duke* v. *Hogan,* 155 *Ga.* 360 (1) (116 S. E. 598), and citations. In *Suple* v. *State,* 133 *Ga.* 601 (1) (66 S. E. 919), it was held: "An excerpt from a charge should be considered in relation to its context; and where the context removes all probability of an erroneous impression which might be created by the excerpt as an isolated fragment, a new trial will not be granted." Mr. Justice Beck, speaking for the court, in *Britten* v. *State,* 124 *Ga.* 783 (53 S. E. 99), said: "It has been repeatedly ruled by this court that an attack upon the charge of a court by culling therefrom isolated clauses and sentences, which, if taken alone, would be erroneous, will not be entertained when, immediately preceding or following such objectionable extracts, they are so qualified by the language of the court as to correctly state the law of the case." See *Gaston* v. *Gainesville &c. Ry Co.,* 120 *Ga.* 516 (5) (48 S. E. 188). While the appellate courts of this State have frequently held that "where an erroneous principle of law is charged as to a material issue, the error is not rendered harmless by a subsequent statement of the correct principle, unless the judge expressly calls the attention of the jury to the incorrect statement and retracts it," this rule is not without its qualifications. The rule, with the qualifications, is laid down in *Western & Atlantic Railroad Co.* v. *Clarke,* 117 *Ga.* 548 (44 S. E. 1), as follows: "Where an erroneous rule of law is given to the jury on a material issue in

the case, *and is of such a nature as is calculated to mislead them,* a new trial will be granted notwithstanding the correct rule may have been announced in other portions of the charge." (Italics ours.)

Under all the circumstances in the case and in the light of the foregoing rulings, we can not believe that the excerpt from the charge of which complaint was made in this case, when considered in connection with the context, was calculated to mislead the jury. The error was harmless.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*