29283. GEORGIA STAGES INCORPORATED v. MILLER.

DECIDED MARCH 18, 1942.

Bennet & Peacock, Spencer C. Walden Jr., E. P. McCollum, for plaintiff in error.

Jon P. Knight, Alexander & Jones, contra.

BROYLES, C. J. K. M. Miller (hereinafter referred to as plaintiff) sued Georgia Stages Inc. (hereinafter called defendant), for damages alleged to have resulted from personal injuries sustained by plaintiff and from injury to his automobile in a collision between defendant's bus and said automobile, while being operated by plaintiff, on the Thomasville-Boston highway. Defendant demurred generally and specially to the petition as finally amended. All of the demurrers were overruled and exceptions to that judgment were taken. The case proceeded to a verdict and judgment in favor of plaintiff for $9088. The motion for new trial was denied and that judgment is assigned as error.

The petition as amended alleged that plaintiff, on November 18, 1939, at about 8 o'clock, p. m., was driving his automobile in a westerly direction on the Thomasville-Boston highway. As he approached a bridge about eight miles East of Thomasville he was driving at a speed of about twenty-five miles an hour with his lights dimmed. At the same time defendant's bus was approaching the bridge on the opposite side thereof at a speed of sixty miles an hour and coming toward plaintiff with its lights undimmed. The bus was being operated on its left side of the highway to such an extent that it was impossible for plaintiff to pass, and when defendant's driver failed to pull the bus to his right on the highway but continued on his left side, plaintiff, in order to prevent

a head-on collision with it, pulled his car to his extreme right of the highway and tried to stop it, with the result that the bumper of his car struck the abutment of the bridge, which striking swerved his car toward the center of the highway, *but no part of his car got beyond the center of the highway,* and the bus, being on its left side of the highway, collided with his car and knocked it and plaintiff in it sixty-five feet along the highway and off of the embankment. The bridge in question was fifteen feet wide, with concrete abutments which were dark and dirty. The highway, where the collision occurred, was fifteen feet wide, with grass shoulders about one and one-half feet on each side. The bridge was the third in a series of four bridges on the highway. When plaintiff, in his endeavor to avoid the collision, pulled his car to the right and into the line of the abutment of the bridge, the glaring lights from the bus obscured his view of the abutment. Plaintiff alleged that as a result of the collision he suffered a fractured pelvis, a brain concussion, a fracture of the outer plate of his frontal sinus, a broken rib, and severe shock to his entire nervous system; that he became unconscious immediately after the collision and for a period of two weeks, and suffered excruciating physical and mental pain and anguish, his nervous system was wrecked, so that he has been forced to retire from the active management of his business; that at the time of the collision he was fifty-five years old, in good physical and nervous condition, being engaged in the hardware and furniture business, and extensive farming and banking business, earning $10,000 a year; that because of his injuries sustained in the collision his earning capacity has been diminished 50 per cent.; his nervous condition and the impairment of his earning capacity are permanent; and the negligence of defendant was the proximate cause of all of his injuries. The petition alleged that defendant was guilty of negligence per se in the following particulars: (1) in driving its bus on the highway at a rate of speed greater than fifty-five miles an hour in violation of the laws of this State; (2) in that the operator of the bus did not, upon meeting plaintiff, dim his lights as provided by law; (3) in that the driver of the bus, upon meeting plaintiff, did not pull the bus to its right side of the road, which, if he had done, would have prevented the bus from colliding with plaintiff's automobile; (4) in that defendant failed to reduce the speed of the bus, in violation of the Code, § 68-303 (i), which

provides that an operator of a motor car shall reduce his speed at crossings or intersections of highways, or on bridges or sharp curves and steep descents.

The general demurrer alleged that the petition sets out no cause of action against the defendant, and that the petition "shows on its face that the alleged injuries complained of by the plaintiff were caused by his own negligence and inattention to the rules of the road." Able counsel for defendant earnestly contend that the petition, properly construed (most strongly against the pleader), shows that plaintiff was familiar with the highway in question and with the four bridges thereon, "and that when he became blinded by the undimmed lights of the bus he continued to drive his car towards the bus and the bridge at thirty-five miles an hour, without lessening his speed, or attempting to stop his car, and thus collided with the concrete abutment of the bridge in question, thereby causing the rear end of his car to whirl southward across the road where it would be struck by the oncoming bus, which was only fifteen feet away at the time the car whirled;" and therefore "the plaintiff could not recover for the reason that, even assuming the charges against the bus company to be true (all being emphatically denied), it clearly appears that the plaintiff 'knowingly and voluntarily,' and without any excuse whatever, 'took the risk' of the danger of continuing to drive, in his allegedly blinded condition, and thereby caused his own injury."

To sustain their contention, counsel cite a great number of decisions holding that where, in a damage suit for personal injuries sustained in a collision between motor-cars, the plaintiff's allegations affirmatively show that by the exercise of ordinary care he could have avoided the consequences to himself of the existing negligence of the defendant, the petition should be dismissed on general demurrer. That ruling has been well established. However, it is still a question in a given case whether the ruling is applicable under the particular allegations of the petition. We concede that the petition in this case, properly construed (most strongly against the plaintiff), shows that he was familiar with the highway in question. However, the petition shows that as he was approaching the bridge the defendant's bus was approaching it on the opposite side, on the bus's wrong side of the highway, and at a speed of sixty miles an hour, and that the plaintiff, to prevent a head-on

collision with the bus, pulled his car to his extreme right of the highway and tried to stop his car, but his bumper struck the concrete abutment of the bridge, thereby causing the rear end of his car to swerve back into the highway, but that no part of his car when it stopped was *beyond the center of the highway.* Plaintiff further alleged that when he turned his car to his right to avoid a collision with the bus, the bright, undimmed lights of the bus blinded and obscured his view of the abutment.

We think that it clearly appears from the allegations of fact in the petition that the plaintiff, when he realized that the bus, being driven on its wrong side of the road at sixty miles an hour, would collide with his car unless he pulled his car to his extreme right of the highway, was confronted with a sudden emergency. If he stopped his car without pulling it to his extreme right, it would be struck by the bus. His only chance therefore was to pull it to his extreme right and attempt to stop it before it reached the abutment. He took that chance, did pull it to the extreme right of the highway, but failed to stop it before it reached the abutment because his view of the abutment was blinded and obscured by the lights of the bus. Even then, after hitting the abutment and thereby causing his car to swerve back toward the center of the highway, there would have been no collision if the bus had been operated on its right side of the road, for plaintiff alleged that no part of his car was beyond the center of the highway. "Where one is confronted with a sudden emergency, without sufficient time to determine with certainty the best course to pursue, he is not held to the same accuracy of judgment as would be required of him if he had time for deliberation. . . Questions of negligence and proximate cause are questions to be determined by the jury, and unless the petition leaves the case so that no reasonable or rational mind could draw any inference but that the wife of the plaintiff below was negligent to the extent of being wanting in ordinary care for her own safety, the demurrer to the petition on this ground was properly overruled." *Central of Ga. Ry. Co.* v. *Barnes,* 46 *Ga. App.* 158 (1, *c, d*) (167 S. E. 217), and cit. The "blinding light" cases, and other cases cited in behalf of defendant, are differentiated by their facts from the instant case. In our opinion the petition showed that the proximate cause of plaintiff's injuries was the negligence of the driver of defendant's bus in operating it on

the wrong side of the road while approaching the narrow bridge at a speed of sixty miles an hour; and that the negligence, if any, of plaintiff did not amount to a want of ordinary care on his part and was less than the negligence of the defendant. The overruling of the general demurrer was not error. We further hold that the petition as finally amended was not subject to any of the numerous special demurrers interposed.

A ground of the motion for new trial complains of an excerpt from the court's charge given under the following circumstances: After the judge had finished his charge and the jury had retired, they subsequently re-entered the courtroom and the foreman asked the judge the following question: "Can we find a verdict in favor of the defendant, with no amount of money involved? Or can we find in favor of the plaintiff, with [for?] $10, if we want to, or $50,000, or in any other amount?" Thereupon, the judge charged the jury as follows: "In that connection, I refer you to that section with reference to damages: I charge you that if, after applying the rules of law which I have given you to the facts in this case as you find them, you reach the conclusion that the plaintiff is entitled to recover in any amount, not to exceed the amount of damages claimed in his petition, then you will take up for your consideration and investigation the amount of damages, if any, that you would award the plaintiff in this case, and determine what damages, if any, you will award, in any amount not to exceed the amount that the plaintiff alleges as his damages in the petition." After the judge completed the charge, he asked: "Now, gentlemen of the jury, does that fully answer your question?" And the foreman said: "It does, your honor." The ground assigns the charge as error upon the following grounds: (1) "Because same was confusing to the jury and did not answer the question propounded to the court by the foreman of the jury, in that the court did not in that connection charge the jury that they could find, under the rules of law already given them, a verdict in favor of the defendant, with no amount of money involved, but, to the contrary, instructed the jury three times that they could find for the plaintiff for an amount 'not to exceed the amount of damages' claimed in plaintiff's petition. (2) Because same intimated an opinion as to the amount of the verdict which the jury should find in the event they found for the plaintiff—the court unnecessarily stressing the

fact that if the jury found that the plaintiff was entitled to recover they could find in any amount 'not to exceed the amount' claimed in his petition." We think the ground is meritorious. The fact that the foreman of the jury, in response to the judge's question whether the charge had fully answered his question, responded: "It does, your honor," is immaterial, since it is obvious that the part of the question as to whether the jury could find for the defendant, with no amount of money involved, was not answered or even touched upon in the charge. There is a clear inference from the question propounded by the foreman that the jury had discussed to some extent among themselves whether they had the right, under the law and the evidence, if they saw fit to do so, to find a verdict for the defendant, with no amount of money involved, and this court can not say that the ignoring of that question in the judge's charge was not prejudicial to the defendant's cause.

Special ground A excepts to a charge which submitted to the jury the question whether the injuries of the plaintiff had permanently diminished his earning capacity. The main exception to the charge was that it was not authorized by the evidence. "In a suit for damages on account of personal injuries resulting from a tort, where the petition alleges that the ability of the plaintiff to earn money has been decreased, it is error for the judge to charge the jury on this element of damages, unless there is some evidence upon which the jury can base with reasonable certainty a finding as to the amount of such damages" (*City of Atlanta* v. *Feeney*, 42 *Ga. App.* 135 (3), 155 S. E. 370) ; but "Where the plaintiff in his testimony gives his age, his occupation, his condition of health before and after his injuries, and his earning capacity when injured and subsequently, sufficient data are given to enable the jury to determine how long he will probably live and labor, and how much the pecuniary value of his life has been diminished by the injuries." *Southern Ry. Co.* v. *Petway*, 7 *Ga. App.* 659 (2) (67 S. E. 886). In *Macon Railway & Light Co.* v. *Streyer*, 123 *Ga.* 279 (3) (51 S. E. 342), the court held: "The jury were authorized to infer that the plaintiff's injuries would be permanent, from the character of her suffering, and the length of time that it had continued up to the date of the trial; and hence it was not error to charge on the subject of permanent injuries. This is so though there was no direct and positive evidence that her injuries were in fact of a per-

manent character." To the same effect is the ruling in *Southern Ry. Co.* v. *Petway,* supra, headnote 1. Applying this ruling to the facts of the instant case, the evidence was sufficient to authorize the charge. The other exceptions to this part of the charge are without merit.

The remaining special grounds complain of various other excerpts from the charge. Some of these excerpts are subject to slight criticism, but none of them, when considered in the light of the charge as a whole and the facts of the case, constitutes harmful error. As another trial is required because of the erroneous and prejudicial excerpt from the charge heretofore pointed out, the general grounds of the motion for new trial are not now considered. *Judgment reversed. Gardner, J., concurs.*

MacIntyre, J., dissenting. This is a suit for damages arising out of a collision of a bus with an automobile. The plaintiff sought damages from the defendant, and the defendant in its answer denied liability and sought damages against the plaintiff. From the nature of the question asked by the foreman, the jury seemed to have eliminated that phase of the case that related to the finding of damages in favor of the defendant over and against the plaintiff, for at least they sought no additional information in a recharge as to it. The question asked related to the other phase of the case, to wit: if they found any damages against the defendant how should they arrive at the amount, or what amount could they legally find, and the judge told them in connection with that part of his charge already given which related to damages: "I charge you, that if, after applying the rules of law which I have given you to the facts in this case as you find them, you reach the conclusion that the plaintiff is entitled to recover in any amount, not to exceed the amount claimed in his petition, then you will take up for your consideration and investigation the amount of damages, if any, that you would award the plaintiff in this case, and determine what damages, if any, you will award, in any amount not to exceed the amount that the plaintiff alleges as his damages in the petition." This recharge to the jury, in answer to the question of the foreman, stated a correct principle of law which was applicable to the pleading and the evidence as related to the phase of the case about which the jury sought information. The foreman stated that the charge had given them the information they sought, that is, the judge had

34

charged them the principle of law which they wanted to know, and the writer agrees with the foreman that when the whole charge, including the recharge, are taken together the jury had a plain statement of a rule of law of whether the plaintiff could recover any amount and if so how much. The writer thinks the recharge was a correct statement of the law and especially, when the judge in effect told the jury that the recharge was given in connection with the part of the charge formerly given on damages, I think the jury were not confused in that they thought the judge was saying that they could not find for the defendant but should find for the plaintiff in some amount.

The judge evidently construed the question of the foreman as not asking the form of the verdict, for that had already been plainly and definitely given in charge, but was asking the rule of law which should guide them in arriving at their verdict. The rule of law the judge gave them is a correct principle of law applicable to one phase of the case. The foreman thereupon in effect said: "You have properly construed my question and answered it by giving us in charge this rule of law." Can we now say that both the asker (the foreman) and the answerer (the judge) were mistaken as to the information the foreman sought? I can not so say. The recharge did not express any opinion. It was a statement of the law and its exceptions, and stated *hypothetically* that if certain facts as to the phase of the case inquired about were proved what damages, *if any,* the jury would be authorized to find. *Daniels* v. *State,* 58 *Ga. App.* 599, 608 (199 S. E. 572) ; *American Surety Co.* v. *Smith,* 55 *Ga. App.* 633, 639 (191 S. E. 137) ; *Donahoo* v. *Goldin,* 61 *Ga. App.* 841, 845 (7 S. E. 2d, 820).