### 36985. SPAINHOUR *v.* NOLIND.

Decided March 5, 1958—Rehearing denied March 27, 1958.

R. *Wilson Smith, Jr.,* for plaintiff in error.

*Clarence D. Stewart, Tifton S. Greer,* contra.

CARLISLE, Judge. ■ The first special ground of the motion for new trial complains of error in the refusal of the trial court to permit a witness for the defendant to state his opinion as to what the value of the house was before the plaintiff moved it. The court excluded this testimony on the objection that it was irrelevant and immaterial. The defendant alleged in his cross-action that the value of the dwelling house before it was moved was $15,000, and that its reasonable market value after it was moved was $11,000. By amendment, he added an allegation that the reasonable cost of restoring the house to the same condition it was in before it was moved was $4,000. So far as the record appears, no demurrer or objection to these allegations was filed. Both measures of damage were therefore alleged in the petition and the defendant was entitled on the trial to support the allegations of his cross-petition. It was error to exclude this evidence. *L. & N. R. Co.* v. *Bean,* 49 *Ga. App.* 4, 5 (1b) (174 S. E. 209); *Nelson* v. *Huber & Huber Express,* 79 *Ga. App.* 721, 724 (54 S. E. 2d 462); *Cloud* v. *Stewart,* 92 *Ga. App.* 247, 250 (88 S. E. 2d 323).

It is contended by the defendant in error that the original allegations of the petition with respect to the measure of damages do not state the correct measure, but that the correct measure is stated by the amendment. As was said in *Small* v. *Lee & Bros.,* 4 *Ga. App.* 395, 397 (61 S. E. 831) (paraphrased) the measure of damages in cases of this nature must necessarily vary with the facts of the particular case and must be determined by these facts. Where the defects in the house after it has been moved may be remedied at a reasonable expense and the house put back in substantially its original condition by repairing it, the cost of the repairs would seem to be the measure of damages. However, where the damages are so extensive as to render it impracticable to repair the house without completely tearing it down and re-

building it, but where, as it appears in this case, the house was still capable of some utilization, it would seem that a more reasonable and logical measure of damages would be the diminution in the market value of the house after the damages had been done. While the allegations of the cross-petition in the instant case may be said to have been equivocal with regard to the measure of damages, there was no special demurrer as to this feature of the case, and under the facts of this case, the defendant was entitled to prove his cross-action as laid by his pleadings. See *City Council of Augusta* v. *Mertins*, 46 *Ga. App.* 711 (168 S. E. 924); *Boggs* v. *Shadburn*, 65 *Ga. App.* 683 (16 S. E. 2d 234); *Kendrick* v. *White*, 75 *Ga. App.* 307 (2a) (43 S. E. 2d 285).

Under all the circumstances of this case, the offer of the evidence as shown by this ground of the motion was sufficient in view of the allegations of the cross-petition. It was not incumbent on the defendant to expressly state to the court what answer he expected from the witness when he asked the witness for an opinion as to the value of the house before the plaintiff attempted to move it. It will be presumed that his answer would have been in accord with the pleadings. The trial court erred in overruling special ground 1 of the motion for a new trial.

■ In determining whether a portion of the charge excepted to is erroneous or not, it must be read in connection with what had been charged before and what was thereafter charged. It must be construed in its context. A charge which is disjointed and torn to pieces may, when the disconnected segments are considered standing alone, seem to be erroneous. It is not incumbent upon the judge, in instructing the jury with respect to different legal propositions that they are to consider, to repeat, in connection with the instruction on each proposition, all of the other qualifications and elements that they are to consider in reaching their verdict. It is sufficient if all of the essential qualifications and elements are covered in the charge as a whole. *Davis* v. *Whitcomb*, 30 *Ga. App.* 497 (15b) (118 S. E. 488); *Thomas* v. *State*, 18 *Ga. App.* 21 (1) (88 S. E. 718); *Hennemier* v. *Morris*, 51 *Ga. App.* 760 (4) (181 S. E. 602); *Essig* v. *Cheves*, 75 *Ga. App.* 870, 878 (44 S. E. 2d 712). Accordingly, the charge complained of in special ground 2, on the ground that it was confusing and misleading to the jury and erroneous for the

reason that it failed to instruct the jury that they should accept the plaintiff's contentions only if supported by a *preponderance* of the evidence, was not erroneous, where the court elsewhere in its instructions informed the jury that the burden was on the plaintiff to prove his contentions by a preponderance of the evidence.

■ The plaintiff in an amendment to his petition contended that he completed the oral contract by following the usual custom and practice of placing iron beams under the buildings and raising them off their original foundation and placing rubber tired dollies under the beams and then pulling the buildings from their original location to their new location by using tractor trucks. In effect, his contentions were that he used ordinary care and diligence in moving the buildings and that he was not liable under the contract, except for such damage as resulted from his failure to exercise ordinary care and diligence. There was evidence introduced by the plaintiff, which, if believed by the jury, substantially proved his contentions. The defendant in his answer and cross-petition, in a single count, made two contentions. One of these contentions was that the contract between the parties was for the plaintiff to move the houses from their original location to their new location undamaged and in as good condition as they were before being moved. He contended that the plaintiff had breached his contract and that the consideration for which he was to pay $2,500 had wholly failed, because the plaintiff had failed to move the houses without damaging them but on the contrary had damaged them in certain particulars and he prayed not only that the plaintiff's prayers for the recovery of the balance due on the contract be denied, but that he have a recovery of the amount which he had already paid under the contract. The other contention which he made in his answer and cross-petition was that the plaintiff in moving his buildings had acted negligently in certain particulars and had inflicted damages to the houses in the total amount of $5,000, and he also prayed for recovery of these damages.

In this connection, the court charged the jury as follows: "The plaintiff, Nolind, was required to use ordinary care which is such care as an ordinarily prudent person, engaged in the business of moving houses, would use. If the plaintiff, Nolind, used

the methods commonly used and reasonably necessary by an ordinarily prudent person engaged in the business of moving houses, then Nolind would not have failed to exercise ordinary care. If Nolind did not use the methods commonly used and reasonably necessary by ordinarily prudent persons engaged in the business of moving houses, then he would have failed to exercise ordinary care.

"If you find the house was damaged and some damage was due to lack of ordinary care and some damage would have resulted even though ordinary care had been used, then, the defendant would be entitled to credit or recovery for such damage as resulted from the lack of ordinary care and not for such as would have resulted even though ordinary care had been used."

One of the contentions of the plaintiff in error with respect to this charge is: "The charge of the court complained of herein had the effect of an instruction to the jury that the defendant would be entitled to a credit or recovery from the plaintiff only for such damage as resulted from the lack of ordinary care and not for such as would have resulted even though ordinary care had been used. This instruction restricted the defendant's right to credit or recovery to the lack of ordinary care, thus removing from the jury's consideration the alleged breach of contract for failure to move the building without any damage except tear to the paper, and placed an undue, improper, and unreasonable restriction upon the defendant's right to credit or recovery."

While the answer and the cross-action of the defendant may be said to have made two separate contentions, as pointed out above, which was permissible, certainly in the absence of a demurrer thereto (Code, Ann., § 81-305; Code § 81-310; *Daniel & Johnson* v. *Trice*, 31 *Ga.* 162; *Associated Mutuals* v. *Pope Lumber Co.*, 200 *Ga.* 487 (1), 37 S. E. 2d 393; *J. R. Watkins Co.* v. *Ellington*, 70 *Ga. App.* 722, 727, 29 S. E. 2d 300), and, while it may be said that in paragraph 6 thereof, the defendant did contend that the plaintiff was guilty of negligence and the failure to exercise ordinary care in moving the buildings, as we construe the answer in the absence of any demurrer, these allegations were merely illustrative of the manner in which the contract had been breached, and of the conditions which gave rise to the damages claimed. Thus construed, the real contention of the

defendant was that the plaintiff had breached the contract and that the damages claimed were those that arose by reason of that breach. See *James* v. *Dayton Rubber Mfg. Co.*, 57 *Ga. App.* 511, 196 S. E. 298. In these circumstances, we think the charge as complained of in special ground 3 was erroneous and must be presumed to have been harmful to the defendant. While the court elsewhere did instruct the jury that if they found that if the plaintiff agreed to move the houses to their new location leaving them in as good condition as they were' before being moved except for the tears in the wall paper, and that if they found from the evidence that other damage was done to the buildings by the plaintiff, they would be authorized to find that the plaintiff breached the contract and to find in favor of the defendant for such amount of damages as may have been proven, nowhere in either of these charges or elsewhere in its instructions did the court qualify the charge complained of in this ground so as to clearly inform the jury that the principle embodied therein was applicable only if they should find that the terms of the contract were as contended by the plaintiff. While this charge was appropriate under all .the facts of the case, it was necessary that this qualification in its application to the case be made in immediate connection with it so that the jury would not be confused or misled thereby. This ground of the motion clearly raises this issue and it was error for the trial court to overrule it.

■ In the fourth special ground of the motion, error is assigned on the failure of the court to charge the law with respect to failure of consideration, it being the defendant's contention that, under the pleadings and evidence of the case, this was a vital issue in the case and that it was incumbent upon the court to charge the law with respect to such issues whether requested to do so or not. The court did instruct the jury as follows: "The plaintiff and defendant in this case agree that there was a contract between them to move the houses of the defendant to new locations for the price of $2,500. The defendant contends that the plaintiff agreed that the houses would be moved and would be in as good condition as they were before being moved except some tears in the paper.

". . . I instruct you that if you find that the plaintiff did

agree to move the houses to their new locations in as good condition as they were before being moved, except tears in the paper, and if you find from the evidence that other damage was done to the building by the plaintiff, then you would be authorized to find that the plaintiff had breached his contract and find in favor of the defendant in such amount of damages as may have been proven to have been suffered by the defendant, as his damage according to the rules of law I have already given you." In the absence of the timely written request for a more complete or explicit instruction this instruction was a sufficient charge on the failure of consideration, if it may be said that a failure of consideration is involved in the case. However, as we construe the answer and cross-action, the only basis on which the defendant seeks a recovery is the breach of contract by the plaintiff and damages resulting therefrom. Under these circumstances, the fourth special ground of the motion does not show reversible error.

The final special ground of the motion complains of the inadequacy of the damages allowed the defendant. This is but an elaboration of the general grounds. We cannot say as a matter of law that the damages allowed were inadequate under the evidence or that the verdict was not authorized by the evidence.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*