38610.   SOUTHERN RAILWAY COMPANY v. GALE.

DECIDED JANUARY 31, 1961.

*Greene, Neely, Buckley & DeRieux, John D. Jones,* for plaintiff in error.

*Hewlett, Hewlett & Wall, Sam D. Hewlett, Jr.,* contra.

CARLISLE, Judge. ■ It is contended in the first special ground of the motion for a new trial that the court erred in charging the jury as follows: "Now the plaintiff contends, gentlemen, as one item of damage, is that by reason of the injury he received on this occasion that he lost time from his work and consequently lost money. And if you believe that plaintiff is otherwise entitled to recover, this is an item upon which damages may be awarded; if the evidence shows that he lost time from his work due to his injury and consequently lost money, and shows you with reasonable certainty the sum of money that he thus lost, this should be awarded him for damages, provided he is entitled to recover in this case." The defendant contends that this portion of the charge was erroneous because in effect it authorized the jury to award damages to the plaintiff for his lost earnings without taking into account the apportionment of such damages under the comparative-negligence rule applicable in Federal Employers' Liability Act cases. This ground of the motion is without merit since the court elsewhere in its charge had already instructed the jury as follows: "If you believe the negligence of the defendant, if there was such negligence, in part proximately produced the injury to the plaintiff, the plaintiff would still be

entitled to recover, even though you may find that the plaintiff may have been guilty of contributory negligence; but in the event you believe the plaintiff was guilty of contributory negligence, you would reduce the damages in proportion to the amount of negligence attributable to the plaintiff, and return a verdict for said reduced amount. That is, the plaintiff's negligence would lessen the damages which he would recover in proportion to the amount of negligence attributable to the employee, or to the plaintiff in this case. *And you will remember this and apply this instruction, if you find it to be applicable, when you come to consider the court's charge on the measure of damages."* (Italics ours). The instruction excepted to in this ground appears in the charge two pages further on in the record. "In determining whether a portion of the charge excepted to is erroneous or not, it must be read in connection with what had been charged before and what was thereafter charged. It must be construed in its context. A charge which is disjointed and torn to pieces may, when the disconnected segments are considered standing alone, seem to be erroneous. It is not incumbent upon the judge, in instructing the jury with respect to different legal propositions that they are to consider, to repeat, in connection with the instruction on each proposition, all of the other qualifications and elements that they are to consider in reaching their verdict. It is sufficient if all of the essential qualifications and elements are covered in the charge as a whole. *Davis v. Whitcomb,* 30 Ga. App. 497 (15b) (118 S. E. 488); *Thomas v. State,* 18 Ga. App. 21 (1) (88 S. E. 718); *Hennemier v. Morris,* 51 Ga. App. 760 (4) (181 S. E. 602); *Essig v. Cheves,* 75 Ga. App. 870, 878 (44 S. E. 2d 712)." *Spainhour v. Nolind,* 97 Ga. App. 362, 365 (2) (103 S. E. 2d 154; *West Lumber Co. v. Schnuck,* 85 Ga. App. 385, 390 (9) (69 S. E. 2d 577). The trial judge did not err in overruling the first special ground of the motion for a new trial.

■ The evidence showed that the plaintiff's injuries consisted of a Colles fracture of the left wrist and a fracture of the surgical neck of the left humerus, contusions and abrasions; that he was hospitalized and the fractures were reduced by manipulation, and a cast was applied. The plaintiff was in the hospital about two days and was off from work about three months and

16 days altogether. He went back to work for the defendant and worked approximately three weeks when he was laid off due to a general reduction in forces. His layoff was in no way connected with his injury. Plaintiff testified that at the time of the trial he had some weakness in his left arm but not too much. Counsel for the defendant made a timely written request that the court charge the jury as follows: "I charge you, gentlemen of the jury, that if you find that plaintiff is entitled to recover, you would not be authorized to award damages to plaintiff upon the basis of mere future possibilities. No damages relating to the future may be awarded by you unless it has been proven to you by a legal preponderance of the evidence not only that plaintiff will in fact sustain future damages growing out of defendant's negligence, if any, but also what the extent of future damages, if any, will be." The court refused to give this charge but instructed the jury in connection with the question of the duration of the plaintiff's injury that: "You would look to the evidence, gentlemen, determine from the evidence just what sort of injury the plaintiff received, its character as producing or not producing pain, the mildness or the intensity of the pain, its probable duration, whether it has ceased or whether it has continued to this date, and then desiring to be fair and just to both parties, you would give to the plaintiff, if he recovers, just such sum as you think would be fair compensation for the pain and suffering and for the impairment, if any, of his bodily health and vigor due to the injury received on this occasion.

"And in this connection, gentlemen, I call your attention to the fact that there is an allegation that the plaintiff has a weakness in his left arm and by reason of this weakness he is asking that that be considered along as an element of pain and suffering. That is, if he has any impairment of his health or his vigor it can be considered along with the other items as to the question of what amount of damages for pain and suffering should be awarded." This latter instruction was the only instruction given to guide the jury in determining the nature and extent and permanency of the plaintiff's injury.

In special ground 2 error is assigned on the failure of the court to charge the request quoted above. In this ground it is alleged that it was legal and pertinent and applicable to the facts of the case, and was timely submitted. And in special ground 3 error is assigned on the charge as given and quoted above on the ground that there was no competent evidence adduced upon the trial of the case which would show with reasonable certainty the amount of any disability which the plaintiff might suffer in the future.

While the evidence as to the extent of the plaintiff's disability at the time of the trial was very meager, the jury were, nevertheless, authorized to infer from the evidence as to the nature and the extent of the plaintiff's original injury and from his condition as testified to at the time of the trial and from their observation of him at the trial, that the plaintiff's injuries were at least in some degree permanent and would result in some amount of permanent disability. *Georgia Automatic Gas Co. v. Fowler*, 77 Ga. App. 675, 680 (4) (49 S. E. 2d 550); *Macon Railway & Light Co. v. Streyer*, 123 Ga. 279, 281 (3) (51 S. E. 342). The instruction as actually given was not erroneous for any of the reasons assigned in special ground 3 of the motion. Special ground 2 does not show harmful or reversible error. The court succinctly charged the rule of law embodied in the request, as follows: "I charge you that the law does not permit a recovery for speculative damages." The court then dealt specifically with evidence relating to weakness of the wrist, which was the only item of future damages sought, and it was sought only as an element of pain and suffering, where the court allocated it. The charge given was accordingly more specific, rather than less specific, than the charge requested.

Further, a requested charge must be apt and even perfect, or failure to give it in the words requested will not work reversal. The requested charge did not deal with the plaintiff's wrist weakness specifically, nor with future pain and suffering specifically, but with the general question of future damages. As such it is entirely inadequate for the purpose, since there are some types of future damages which must be reduced to present cash value, and others which need not be so reduced. As a

charge on future damages generally, the requested charge is in proper form only if it be read, as the plaintiff in error reads it, as an injunction to the jury not to award damages based upon speculation rather than evidence. This principle of law was in fact charged. As an instruction on future damages generally, the request was not itself sufficiently specific.

■ Special grounds 8 and 9 of the motion for a new trial complain of the failure of the court to instruct the jury in accordance with two written requests, as follows: "I charge you, gentlemen of the jury, that temporary conditions produced by an employee's negligently using or negligently failing to use appliances provided by the employer-railroad are not defects for which the employer-railroad is liable." "I charge you, gentlemen of the jury, that it is not actionable negligence that an employer-railroad fails to anticipate lack of care on the part of an employee." The plaintiff made no contention that the defendant was negligent in failing to equip the cars in question with proper safety appliances or that the cars were in any way defective. A written request to charge must be pertinent and applicable to the facts of the case and must state a correct proposition of law. As was said in *Downs v. Powell,* 215 Ga. 62, 65 (3) (108 S. E. 2d 715): "A request to charge must be correct and even perfect; otherwise a refusal to give it is not error. *Lewis v. State,* 196 Ga. 755 (27 S. E. 2d 659); *Gordy v. Dunwody,* 210 Ga. 810 (83 S. E. 2d 7). It must be legal, apt and precisely adjusted to some principle involved in the case, and be authorized by the evidence." The first of these portions of the charge as set forth above did not meet this test.

With respect to the second of these requests to charge it is sufficient to say that the trial judge charged the jury fully on the definition of negligence and on comparative negligence instructing the jury that the burden of proof was upon the plaintiff to prove to their satisfaction that the defendant was guilty of one or more of the acts of negligence charged in the petition and that the plaintiff could not recover on any act of negligence except that charged in the petition, and that, if the jury believed that the defendant was negligent and that the plaintiff was also negligent and that their negligence combined to proximately

produce the injury, the plaintiff would still be entitled to recover even though he may have been guilty of contributory negligence and that the jury would reduce the damages in proportion to the amount of negligence attributable to the plaintiff. No contention was made by the plaintiff that the defendant had failed to anticipate his lack of care. Under all these circumstances, the failure to instruct the jury in accordance with this request was not erroneous.

■ Special grounds 4, 5, 6 and 7 of the motion complain of the failure of the trial court to direct a verdict for the defendant with respect to each of the separate allegations of negligence set forth in the petition. With respect to these particular contentions and in passing upon the general grounds of the motion for a new trial, it is sufficient to say that while the evidence in support of the plaintiff's contentions, both with respect to the negligence charged against the defendant and with respect to the permanency of the plaintiff's injuries was weak, it nevertheless authorized the verdict for the plaintiff.

*Judgment affirmed. Townsend, P. J., Frankum and Jordan, JJ., concur.*