41946. STATE HIGHWAY DEPARTMENT v. HANDLEY.

SUBMITTED APRIL 6, 1966—DECIDED JUNE 27, 1966—REHEARING DENIED JULY 19, 1966—

*Arthur K. Bolton, Attorney General, E. J. Summerour, Richard L. Chambers, Assistant Attorneys General, Thurman E. Duncan, Deputy Assistant Attorney General, William P. Trotter,* for appellant.

*Richter & Birdsong, Horace E. Richter, A. W. Birdsong, Jr.,* for appellee.

FELTON, Chief Judge. 1. In this condemnation case the court erred in charging the jury as follows: "You will determine what amount represents a value of the property taken by the State Highway Department for which you will return a verdict, and if you find consequential damages to the remaining property, you will add whatever you may find as consequential damages to the amount you find that represents the value of the property taken by the Highway Department, and you will add whatever

you may find that the condemnee in this case has been damaged and injured, as a result of the establishment of an easement, if he has been damaged, and let your verdict be in one lump sum." Exception to the charge was made prior to the time the case was submitted to the jury. It is contended that the vice in the charge excepted to is that it failed to include the instruction that consequential benefits to the remaining land should be deducted from the consequential damages. The court at least one additional time charged the jury similarly to the charge excepted to. The court also gave the correct charge during the course of his instructions. We think that the court should have sustained the exception to this charge. It was the last instruction given and could have stood out in the jury's mind for that reason. And, it was practically identical with another similarly incorrect charge. The court had an opportunity to clarify the charge before the jury considered the case and could have impressed the jury with the correct law on the point in question. The appellant could have excepted to the other incorrect charge and it would have been a good exception. We see no reason why it could not make an election to except to the last excerpt if in its judgment the last charge to the jury would have cured the error. At any rate the court had an opportunity to clarify the charge to the jury and it is our understanding that this was the purpose of the new appellate practice law which requires an opportunity for the trial court to correct its errors in charges before cases are considered by juries. The court erred in not correcting the charge.

2. There was no issue made in the case respecting inconvenience to the condemnee or to the occupant in the dwelling located on the property involved, and the trial court did not err in refusing the condemnor's request to charge the jury that the condemnee could not recover for mere inconvenience except insofar as inconvenience adversely affected the value of the condemnee's remaining property. For the court to have so charged would have merely resulted in injecting into the case to the confusion of the jury an issue not made by the pleadings or the evidence.

*Judgment reversed. Bell, P. J., Jordan, Hall, Eberhardt and*

*Pannell, JJ., concur.   Nichols, P. J., Frankum and Deen, JJ.,* dissent.

FRANKUM, Judge, dissenting.  I dissent from the ruling made by the majority of the court in Division 1 of the opinion and from the judgment of reversal in this case.  I am aware, of course, of the well established rule that the court should not charge the jury in a contradictory manner so as to leave the jury in a confused position of having to pick and choose between a correct and an incorrect charge.  But in this case, an examination of the entire charge together with a reading of the charge complained of in its proper context leaves, in my opinion, no doubt that prior to the enactment of the Appellate Practice Act of 1965, as here interpreted and applied, the charge in this case would not have been error.  Prior to this decision it has always been the law in Georgia that in ascertaining whether a portion of the charge excepted to is error it must be read in its context, that is, in connection with what had been charged before and what was charged thereafter, and while a portion of the charge when read alone may seem to be error, if upon examination of the whole charge, it does not appear that the jury could have been misled or confused, the charge will not be cause for the grant of a new trial merely because it was, in some small particular, inaccurate or incomplete.  Nor was it prior to the decision rendered by the majority in this case ". . . incumbent upon the judge, in instructing the jury with respect to different legal propositions that they are to consider, [in rendering their verdict] to repeat, in connection with the instruction on each proposition, all of the other qualifications and elements that they are to consider in reaching their verdict.  It is sufficient if all of the essential qualifications and elements are covered in the charge as a whole." *Spainhour v. Nolind,* 97 Ga. App. 362, 365 (103 SE2d 154).  See also in this connection, *Sims v. Martin,* 33 Ga. App. 486, 487 (126 SE 872); *Neville v. National Life &c. Ins. Co.,* 36 Ga. App. 8 (1) (135 SE 315); *General Oil Co. v. Crowe,* 54 Ga. App. 139, 147 (187 SE 221); *Southern R. Co. v. Gale,* 103 Ga. App. 87, 90 (118 SE2d 742); *Terry v. Buffington,* 11 Ga. 337, 343; *Livingston v. Taylor,* 132 Ga. 1 (1) (63 SE 694); *Ellis v. Britt,* 181 Ga. 442, 447 (182 SE 596).

· Under the foregoing authorities the charge held in the first division of the majority opinion to be error most certainly would not have been held to constitute reversible error prior to the passage of the 1965 Appellate Practice Act. That Act was an Act changing procedure and providing in Section 17 thereof that as a prerequisite to assigning error on the charge of the court counsel must have called the court's attention to the erroneous charge and thus have afforded the court an opportunity to correct its error, if any. The purpose of that section was to *limit* the right of the parties to complain of a merely erroneous charge which was not likely to have been harmful. What the court is doing here amounts to raising the act of calling to the court's attention an allegedly erroneous charge to the dignity of a request to charge and saying that any time the trial judge fails to correct a charge contended to be erroneous no matter how insignificant or harmless such error may have been, he risks being reversed if he refuses to take notice of the objection to the charge.

It most certainly was not the purpose of the section of the Appellate Practice Act, above referred to, to change or modify in any way the substantive law so as to require this court or the Supreme Court to hold that a charge which had not, prior to the enactment of that section of the Appellate Practice Act, been held to be cause for reversal. But, this is the undoubted effect of the ruling which the court now makes, and in so ruling, I think it commits error.

I am authorized to state that Presiding Judge Nichols and Judge Deen concur in this dissent.