43204. ROSENFELD v. YOUNG.

ARGUED NOVEMBER 9, 1967—DECIDED DECEMBER 1, 1967—
REHEARING DENIED DECEMBER 19, 1967.

*Greene, Buckley, DeRieux, Moore & Jones, Burt DeRieux,
James A. Eichelberger,* for appellant.

*Peek, Whaley, Blackburn & Haldi, J. Corbett Peek, Jr., Glenville Haldi,* for appellee.

QUILLIAN, Judge. 1. The appellant first enumerates as error the trial judge's direction of a verdict as to the defendant's liability. The evidence disclosed that: the plaintiff was a guest passenger in her husband's automobile; some time before the collision the automobile had been parked on a narrow street in the city of Atlanta; the plaintiff's husband had left the vehicle, and the plaintiff remained behind; that at the time of the collision, approximately 5 to 5:30 p.m., traffic was "heavy" on the street; the automobile in which the plaintiff was sitting was legally parked at the time of the collision.

The defendant testified in part that: he was driving his automobile at a speed of approximately 20 to 25 miles per hour; the weather was clear; as he approached the Young automobile he saw that it was parked; as he got closer he tried to go around

the automobile; he did not remember whether he decreased his speed; he misjudged the distance and struck the Young automobile in the rear.

The appellant contends that it was a question for the jury whether the plaintiff "failed to exercise ordinary care for her own safety" by remaining in the automobile when she knew the street was narrow and the traffic was heavy. With this contention we can not agree. There was no evidence which would have authorized the jury to determine that she was guilty of negligence by sitting in the automobile while it was legally parked.

The evidence having shown that the plaintiff was completely free of negligence and the defendant's testimony having revealed no legal reason or excuse for his failure to avoid colliding with the rear of the plaintiff's automobile, the trial judge did not err in directing a verdict for the plaintiff on the question of liability. *Pike v. Stafford,* 111 Ga. App. 349 (141 SE2d 780) ; *Sutherland's Eggs, Inc. v. Barber,* 116 Ga. App. 393 (157 SE2d 491).

2. The appellant insists that the trial judge erred in charging the jury that they might consider whether the plaintiff's injuries were permanent when awarding damages, because the instruction was not authorized by the evidence. The plaintiff testified, in part, by deposition that: she was 73 years of age; ever since the collision occurred she had been suffering from headaches and other pains; "It is my nerves, they are burning and stinging, my nerves"; that they were burning and stinging "practically all of the time"; "I wake in the morning just so miserable life is not worth living"; her neck bothered her and had not improved since the collision and was "about the same." Upon the trial of the case the plaintiff's sister testified in part that: she had observed the plaintiff's condition; the plaintiff was still in pain.

In *Southern R. Co. v. Gale,* 103 Ga. App. 87, 92 (118 SE2d 742) it was held: "While the evidence as to the extent of the plaintiff's disability at the time of the trial was very meager, the jury were, nevertheless, authorized to infer from the evidence as to the nature and the extent of the plaintiff's original injury and from his condition as testified to at the time of the trial and from their observation of him at the trial, that the plaintiff's injuries were at least in some degree permanent and would result

in some amount of permanent disability. *Ga. Automatic Gas Co. v. Fowler*, 77 Ga. App. 675, 680 (4) (49 SE2d 550); *Macon R. & Light Co. v. Streyer*, 123 Ga. 279, 281 (3) (51 SE 342)." See *Southern R. Co. v. Petway*, 7 Ga. App. 659 (67 SE 886). Under the above authorities, the evidence was sufficient to authorize the charge relative to permanent injuries.

3. The third enumeration of error states that the trial judge erred in charging the jury that they could award damages for mental pain and suffering. Appellant contends there was no evidence to support a finding that the plaintiff's injuries had caused her any mental pain and suffering. The plaintiff testified as a result of her injuries: "I get up crying thinking life is not worth living like this." Her sister testified that she had observed the plaintiff; that: "Well, I observed that when she wakes in the morning, she is terribly unhappy and that she cries and we are just distressed with her. Q. Is this from your observation of her, these conditions, is this something that is on occasion or is it there all the time? A. Well, most of the time. . . Q. What about ability to get along with her now? Before this accident happened, was your sister a person who was easy to get along with and agreeable? A. Well, she's always been a lovable and sweet, but she has been more irritable, sensitive, more nervous, more difficult, definitely."

There was sufficient evidence of the plaintiff's injuries and mental pain to authorize the instruction objected to. *Nashville C. & St. L. R. Co. v. Miller*, 120 Ga. 453 (6) (47 SE 959, 67 LRA 87, 1 AC 210).

4. The remaining enumeration of error complains of the trial judge's overruling the motion for a new trial on the general grounds. The evidence was sufficient to support the verdict and the enumeration of error is without merit.

*Judgment affirmed. Jordan, P. J., and Deen, J., concur.*