METTE KRUGER, APPELLEE, V. OMAHA & COUNCIL BLUFFS STREET RAILWAY COMPANY, APPELLANT.

FILED JANUARY 8, 1908. No. 14,890.

1. **Carriers: INJURY: DUTY OF EMPLOYEES.** When a passenger, a girl under 14 years of age, unaccustomed to riding upon street cars, becomes frightened and frenzied by the negligence of the defendant's servants in carrying such passenger past her known destination, and the conductor knows, or by the exercise of due care and diligence under the circumstances should know, of such passenger's frightened and frenzied condition, and that she is about to leave the moving car, it is his duty to exercise the highest degree of care possible under the circumstances to prevent such passenger from alighting from the moving car. *Chicago, B. & Q. R. Co. v. Martelle*, 65 Neb. 540, examined and distinguished.

2. ———: ———: ———. In such a case, if the conductor fails to exercise the degree of care required of him, and the passenger

in consequence of such failure receives injuries while alighting from the moving car, the street railway company is liable in damages for the resulting injuries.

3. ———: ———: INSTRUCTIONS. In such a case, it is erroneous to instruct the jury that the plaintiff may recover, even though she was negligent in acting as she did.

4. Instructions examined, and *held* prejudicial.

APPEAL from the district court for Douglas county: WILLIAM A. REDICK, JUDGE. *Reversed.*

*John L. Webster* and *W. J. Connell*, for appellant.

*Arthur C. Pancoast, contra.*

GOOD, C.

Mette Kruger, a minor, by her next friend, instituted this action against the Omaha & Council Bluffs Street Railway Company in the district court for Douglas county to recover damages for injuries alleged to have been sustained while alighting from one of defendant's street cars. There was a trial to a jury, which resulted in a verdict and judgment for the plaintiff. The defendant appeals.

Two acts of negligence are complained of by the plaintiff: First, that defendant, although informed of and knowing plaintiff's destination, carelessly and negligently failed to stop its car, and carried plaintiff past her known destination; secondly, having caused plaintiff to become frightened and frenzied from fear at being carried past her known destination, that defendant failed to exercise that degree of care required of it to prevent plaintiff from alighting from the moving car. Defendant answered, admitting that plaintiff was a passenger, denied any negligence on its part, and alleged contributory negligence on the part of plaintiff. From the record it appears that Mette Kruger was a girl 13 years and 9 months of age at the time of the injuries complained of; that about 7 o'clock in the evening of the 26th day of October, 1904, she and a girl companion of about the same age were passengers

on one of defendant's street cars going westward on Q street in South Omaha. The destination of the two girls was Thirty-First street. Plaintiff claims that, when the conductor took up their fares at about Twenty-Sixth street, they informed him of their desire to alight at Thirty-First street. The car in which they were riding was one in which the seats ran lengthwise along the side of the car. The two girls sat on the south side of the car near the rear, and were looking out of the car windows to the south. At that time in the evening it was dark. The car failed to stop at Thirty-First street, and the plaintiff observed the lights in a neighboring store, recognized the place, and realized that she and her companion were being carried past their destination. She became alarmed and frightened, hurriedly arose and passed out upon the rear platform of the car, where the conductor was standing, and stepped from the car while in motion, fell to the pavement, and received severe injuries. The conductor observed the plaintiff as she came out upon the platform and stepped from the moving car. Plaintiff contends that she was so alarmed and frightened and in such a frenzied condition that she did not know or realize her danger in alighting from the moving car, and that the conductor was negligent in failing to warn her of her danger and prevent her from leaving the car under the circumstances. Plaintiff's evidence tends to support her contention. The defendant denied that the conductor had been previously informed of the destination of the girls, and denied that he had any knowledge that plaintiff was frightened and alarmed, and alleged that he did warn her against stepping off, by calling to her to wait, that he would stop the car, and that, seeing that she did not heed his warning, he attempted to grab her and prevent her from leaving the car. The evidence as to whether the conductor warned the plaintiff, or that he knew of her destination and her excited condition, or that he attempted to prevent her from leaving the car, is in conflict.

The defendant contends that it was under no obligation

to prevent plaintiff from leaving the moving car, that it owed no duty of preventing passengers from alighting from its moving cars, and that, as a matter of law, it was not liable for the injuries received by the plaintiff, and that the court should have so instructed the jury. We are cited to several cases from other jurisdictions, some of which apparently hold to this doctrine. But the rule in this state is different. *Chicago, B. & Q. R. Co. v. Landauer*, 36 Neb. 642; *St. Joseph & G. I. R. Co. v. Hedge*, 44 Neb. 448; *Chicago, B. & Q. R. Co. v. Hyatt*, 48 Neb. 161; *Fremont, E. & M. V. R. Co. v. French*, 48 Neb. 638. It is generally held that whether or not one is guilty of such negligence in alighting from a moving car or train as will prevent a recovery for injuries received therefrom is ordinarily a question of fact to be determined by the jury. *Hemmingway v. Chicago, M. & St. P. R. Co.*, 72 Wis. 42. Under some circumstances, jumping or alighting from a moving train has been held such negligence as will defeat a recovery. *Chicago, B. & Q. R. Co. v. Martelle*, 65 Neb. 540. In that case, however, the plaintiff was a man of mature years, and deliberately jumped from the moving train. It did not appear that he was frightened, or that he had lost his self control, but that he deliberated upon the matter and, after deliberation, voluntarily jumped from the moving train. It was held that he was guilty of such negligence and deliberate recklessness as to prevent a recovery. But the case at bar is different. The plaintiff was little accustomed to riding upon street cars, and according to her contention, which finds support in the evidence, she was carried past her destination by the fault of the defendant. It was after dark, and she was frightened and excited, and had no realization of what she was doing or of the danger incident to the alighting from the moving car. It is inferable from the evidence that the conductor was aware of her excited and frenzied condition, and might, by the exercise of that degree of care required of common carriers, have prevented her from leaving the moving car, and thus have avoided the injuries. We think

there is a clear distinction between the duty owed by a common carrier to an infant of tender years and that owed to an adult, and between the duty owed to a passenger who has lost control of his mental faculties, of which the carrier is aware, and that owed to one in full possession of his faculties. When street car companies carry passengers of tender years and passengers whom they know to be of unsound mind, it is only proper that they should be required to exercise a higher degree of care toward them than they would toward passengers of mature years and in possession of their full faculties; and if, by acts of their own negligence, they have caused passengers to become frightened and excited and to be in a measure deprived of their faculties, they cannot consistently and reasonably claim that the passenger is negligent in not exercising the prudence and foresight that they ordinarily would, except for their frightened and excited condition. We think the record in this case clearly makes out such a state of facts as required the submission of the case to the jury; and this court cannot say, as a matter of law, that the defendant was not negligent, or that such negligence did not produce the injuries complained of. The case was one for the determination of the jury under proper instructions.

Defendant also complains of numerous instructions given by the court upon its own motion, and of the refusal of the court to instruct the jury as requested by the defendant. We have carefully examined all the instructions given and refused that are complained of, and find no error except in two instructions given, which we now proceed to consider. By the sixth instruction the court informed the jury that, if the conductor was aware that plaintiff was about to jump from the moving car in time for him to have prevented it, and if he failed to exercise the decree of care required of him in that respect, and if such failure of the conductor was the proximate cause of plaintiff's injuries, the plaintiff might recover, even though they should find "that the plaintiff was guilty of negli-

gence in acting as she did." This instruction, as well as the ninth instruction given by the court, indicates quite clearly that the trial court was applying the doctrine of the "last clear chance," and proceeded upon the theory that, notwithstanding contributory negligence upon the part of the plaintiff, the defendant would still be liable if it could have prevented the injuries to the plaintiff. The doctrine of the "last clear chance" simply means that, notwithstanding the previous negligence of the plaintiff, if at the time the injury was done it might have been avoided by the exercise of reasonable care on the part of the defendant, the defendant will be liable for the failure to exercise such care. *Styles v. Receivers of Richmond & D. R. Co.*, 118 N. Car. 1084, 24 S. E. 740. We think an analysis of the situation in which the parties in the instant case were placed will show that the doctrine of the "last clear chance" can have no application. If the plaintiff was negligent at all, it was because she knew and realized the danger in alighting from the moving car, and the only negligent act of the plaintiff was in stepping from the car. It is evident that no act of the defendant after the plaintiff had been guilty of negligence could have prevented the injuries. To make the doctrine of the "last clear chance" apply, the situation must be such that the plaintiff might avoid the injuries after the plaintiff had by her own act placed herself in a position of peril that was, or should have been, apparent to the defendant. If the plaintiff in this case was guilty of negligence at all, it was in stepping from the moving car with the knowledge and realization of the danger in so doing. If she possessed this knowledge and realization, then the proximate cause of her injuries was her own negligence, and she would not be entitled to recover. As applied to the situation in this case, the only theory upon which the plaintiff can recover is that she did not know and realize the danger in stepping from the moving car. Therefore it follows that her right to recover depends upon the absence of contributory negligence upon her part. The instruction above mentioned

misstated the law, and permitted the jury to find for the plaintiff upon a state of facts which in law will not sustain a recovery. The ninth instruction states the same proposition of law in a negative manner, and is bad for the same reason.

There are other errors assigned and discussed in the brief of the appellant; but as they are not necessary to a determination of this case, and do not appear likely to arise upon a new trial, we refrain from discussing them. Because of errors in the court's instructions to the jury, we recommend that the judgment of the district court be reversed and the cause remanded for a new trial.

DUFFIE and EPPERSON, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.