## 32107. GEORGIA AUTOMATIC GAS COMPANY *v.* FOWLER.

Decided September 15, 1948.

678

*Edgar A. Neely Jr., Neely, Marshall & Greene,* for plaintiff in error.

*Barrett & Hayes,* contra.

Sutton, C. J. (After stating the foregoing facts.) ■ The court charged the jury: "You are made by law the exclusive judges of the credibility of the witnesses which have testified in this case and in passing upon their credibility and in determining where the legal preponderance of the testimony lies you may consider all the facts and circumstances in the case, the witnesses, their manner and demeanor while on the witness stand, their interest or want of interest in the outcome of this suit, their means and opportunity of knowing the facts to which they testified, the nature of their testimony, whether reasonable or unreasonable, probable or improbable, their intelligence, and also their personal credibility in so far as the same may appear to you from a trial of this case. You may consider the number of witnesses which testified upon one side or the other, though I charge you that the legal preponderance of the testimony does not necessarily lie with the greater number of witnesses." Code § 38-107 is as follows: "In determining where the preponderance of evidence lies, the jury may consider all the facts and circumstances of the case, the witnesses' manner of testifying, their intelligence, their means and opportunity for knowing the facts to which they testified, the nature of the facts to which they testified, and the probability or improbability of their testimony, their interest or want of interest, and also their personal credibility so far as the same may legitimately appear from the trial. The jury may also consider the number of the witnesses, though the preponderance is not necessarily with the greater number." It will be noted that the quoted charge of the court and Code § 38-107 are substantially the same. The criticism of the charge of the court is that the phrase, "nature of their testimony," as used in the charge does not have the same meaning as "the nature of the facts to which they testified" as used in the Code section. The two phrases are substantially synonymous, and we do not think that it was harmful error for the court, in giving the substance of Code § 38-107 in charge to the jury, to use the phrase, "nature of their testimony," instead of the exact language of the Code section, "the nature of the facts to which they testified." Special ground 1 of the motion is without merit.

■ The court charged the jury that, "if in this case it should be shown that the driver of the car in which the plaintiff, James Fowler, was riding was negligent and by his negligence placed the plaintiff, James Fowler, in peril, and that such position of peril were known or in the exercise of ordinary care should have been known to defendant's driver, and defendant's driver then and there was negligent in any one or more of the particulars alleged in plaintiff's petition, then plaintiff would be entitled to recover." In special ground 2 of the motion, error is assigned on this charge on the ground that it is not adjusted to the evidence and is an expression of opinion by the court to the effect that, "if James Fowler was placed in a position of peril by the driver of the truck in which he was riding, the driver of defendant's truck should have discovered such peril and taken steps thereafter to prevent the collision." Immediately prior to the charge on which error is assigned, the court had charged the jury as to the law of proximate cause. The charge on which error is assigned is an application of the last clear chance doctrine to the evidence of the case. See *Lovett* v. *Sandersville R. Co.,* 72 *Ga. App.* 692, 695 (34 S. E. 2d, 664). Immediately following the charge on which error is assigned, the court charged that, "if . . the driver of the car in which James Fowler was riding did suddenly and without warning swerve to its left to pass a parked vehicle and that such act was the cause of the collision in question and that the driver of defendant's truck was then and there in the exercise of ordinary care and diligence, then plaintiff would not be entitled to recover." From these charges, it appears that the court, in charging the jury, was merely considering various applications of the law of proximate cause as applied to the evidence in the case, and the charge complained of was adjusted to the evidence, and there is no expression of any opinion as to what was the proximate cause of the accident. The assignment of error in special ground 2 of the motion is without merit.

■ The court charged the jury: "Our law provides that an operator of a vehicle meeting another vehicle coming from the opposite direction on the same highway shall turn to the right of the center on the highway so as to pass without interference.

That principle of law applies to the driver of each of these vehicles. Any violations of that statute would be negligence. You will notice that that section provides when a vehicle is meeting another vehicle coming from the opposite direction on the same highway. It does not mean under any circumstances that it is negligence for a person driving along the highway to turn to the left of the center in the highway." Error is assigned in special ground 3 of the motion on the ground that the last sentence of the above-quoted charge is misleading. While a different statement could have been made by the court to explain that the rule of the road requiring drivers of vehicles meeting each other to turn to the right of the center would not always be applicable to a given situation, it does not appear that the charge was misleading, or in any way harmful or prejudicial. This assignment of error is without merit.

■ In special ground 4 of the amended motion, error is assigned on the introduction of the Carlisle Mortality Tables in evidence. From the testimony of the plaintiff and the medical doctor, there was evidence of future pain and suffering on the part of the plaintiff, and this evidence would justify an inference that such pain and suffering was permanent, and in these circumstances it was not error to admit in evidence the Carlisle Mortality Tables to show the expectancy of life of a person of the age of the injured party as a basis upon which to estimate the amount of damages he might recover for such pain and suffering, and this was the purpose for which the court charged the jury it was authorized to use the tables. *Atlanta & West Point R. Co.* v. *Johnson*, 66 Ga. 259, 260 (4).

■ On the general grounds, the only point insisted upon by the plaintiff in error is that the verdict of $6500 is excessive. From the evidence it appears that the injuries were severe, and that the plaintiff has already suffered excruciating pain, and there is evidence to support a finding that he will suffer future pain. In such a case, the measure of damages is the enlightened consciences of impartial jurors. See Code, § 105-2003. "The question of damages being one for the jury, the court should not interfere, unless the damages are either so small or so excessive as to justify the inference of gross mistake or undue bias." § 105-

2015. Such does not appear here. The verdict is authorized by the evidence, no error of law appears, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Felton and Parker, JJ., concur.*