38673.   GRAYSON v. YARBROUGH.

DECIDED MARCH 3, 1961.

*Seymour S. Owens,* for plaintiff in error.

*G. Gerald Kunes,* contra.

FELTON, Chief Judge. 1. The evidence did not demand a verdict for the defendant either on the theory (a) that the defendant was not shown to be negligent, or (b) on the theory that the alleged negligence of the plaintiff in permitting the child to be in the street barred her recovery.

(A) The jury was authorized to find that the defendant was negligent in running into or over the child. The evidence authorized the finding that the deceased child, three years old and incapable of being negligent, kicked an inflated football into the street; that a few seconds thereafter the child followed the ball into the street, picked it up, dropped it, picked it up again and was immediately hit by the defendant's automobile. The defendant testified that he was traveling at about 20 miles per

hour. The above evidence authorized the jury to find that the defendant saw, or should have seen the football in the street and that he in the exercise of ordinary care could have avoided hitting the child on the theory that enough time had elapsed between the time the football landed in the street and the child had picked it up, dropped it and picked it up again, for the defendant to stop or turn his automobile so as to avoid hitting the child. The defendant does not contend that the mother's negligence barred her but his failure to do so would not militate against him if she in law is barred. Under the last-clear-chance doctrine she is not barred, assuming that under other circumstances she would be barred from recovering damages for the death of a child who was in a place of danger by reason of her negligence. See *A. & C. Air-Line Ry. Co. v. Gravitt,* 93 Ga. 369 (20 S. E. 550, 26 L. R. A. 553, 44 Am. St. Rep. 145). The doctrine of last clear chance is applicable in Georgia to both plaintiff and defendant—to the plaintiff by statute. *Bennett Drug Stores, Inc., v. Mosley,* 67 Ga. App. 347 (20 S. E. 2d 208); *Lovett v. Sandersville R. Co.,* 72 Ga. App. 692 (34 S. E. 2d 664); *Crapps v. Mangham,* 75 Ga. App. 563 (44 S. E. 2d 133); *Casteel v. Anderson,* 89 Ga. App. 68 (78 S. E. 2d 831); *Southland Butane Gas Co. v. Blackwell,* 91 Ga. App. 277 (85 S. E. 2d 542), reversed on another ground, 211 Ga. 665 (88 S. E. 2d 6); *Atlantic Coast Line R. Co. v. Grimes,* 99 Ga. App. 774 (109 S. E. 890); 59 A. L. R. 2d 1265-6. Statements to the contrary of the applicability of the doctrine of last clear chance to a defendant in *Smith v. American Oil Co.,* 77 Ga. App. 463 (49 S. E. 2d 90) must yield to older Court of Appeals cases and the *Blackwell* case, supra, in which the doctrine was recognized by the Supreme Court. A number of Law Review articles also have incorrectly stated the existing law in Georgia by following the statements in the *American Oil Co.* case. The defendant contends that the testimony of the defendant conclusively shows that he was not negligent because no witness contradicted his testimony. This contention is not meritorious because if the facts already stated were believed by the jury to have occurred, the defendant could have seen the child before he ran into him. Direct testimony may be disproved by circumstances inconsistent with it. The defendant also contends that, since the testimony

of the deceased child's seven-year-old brother was so contradictory, vague and equivocal, a verdict for the defendant was demanded. This contention does not apply to a mere witness for a party. It does apply to a party and a principal witness for a corporation and possibly in other situations, but no authority is cited for the proposition contended for by the defendant. The child's testimony was contradictory on the question whether he actually saw the automobile strike the plaintiff, but even if he did not, the jury could find from what he did testify that the ball went into the street, his three-year-old brother went after it, picked it up, dropped it, picked it up again and was hit. The defendant admitted hitting and killing the child, but contended that he did not see the child until after it was hit and that the child ran suddenly in front of the car or into the side of it. The child witness was sought to be impeached as to other matters but his credibility was for the jury. See *Code Ann.* § 38-1803, catchword "Jury". "The rule is well established that the jury may believe a witness, not a party to the case, though his testimony is equivocal and contradictory." *Consolidated Telephone Co. v. Kincaid,* 94 Ga. App. 823, 826 (96 S. E. 2d 322).

2. The fourth ground of the amended motion for a new trial complains that the court erred in not charging *Code Ann.* § 68-1626 (b) 1, which in effect provides that unless otherwise established by law the speed of automobiles where no special hazards exist shall in a business or residence district be not in excess of 35 miles per hour. Without a request to so charge the failure to charge was not error. There was no charge of negligence per se except that provided by *Code Ann.* § 68-1626, and while a violation of this section has been called negligence per se, it cannot be denied or refuted that to find it to be negligence per se a finding of common-law negligence must first be made. The plaintiff simply charged the defendant, not with driving over 35 miles per hour, but with driving too fast for the conditions existing at the time and place involved.

3. Under the facts of the case the court did not err in charging the following part of *Code Ann.* § 68-1716: "The driver of a motor vehicle shall when reasonably necessary to insure safe operation give audible warning with his horn but shall not otherwise use such horn when upon a highway."

The court did not err in overruling the general and two special grounds of the defendant's motion for a new trial or in overruling his motion for a judgment notwithstanding the verdict.

*Judgments affirmed. Nichols and Bell, JJ., concur.*