40413.  HIRSCH v. CHAPMAN.

DECIDED MARCH 2, 1964—REHEARING DENIED
MARCH 31, 1964.

446

*Johnson, Meyerson & Montet, Stanley Meyerson, Harvey A. Clein,* for plaintiff in error.

*Charles D. Hurt, J. Corbett Peek, Jr.,* contra.

EBERHARDT, Judge. ■ The verdict for the defendant was authorized by the evidence and the general grounds of the motion for new trial are without merit, but unless we can conclude that it was demanded a consideration of the special grounds becomes necessary. Since the evidence discloses that when the defendant was 150 feet away and traveling at a speed of only 12 miles per hour, he did observe that the Hirsch car was stopped ahead, we cannot say that the jury was bound to find that he could

not, in the exercise of ordinary care, have brought his car to a stop before reaching and colliding with the rear of the Hirsch car. There is no evidence indicating what, if any, effort the defendant may have made to avoid colliding with the Hirsch car, save that his front wheels were turned to the right out of the ruts in the snow. There was a duty upon him to exercise ordinary care in avoiding a collision from the time he saw it parked in the street. The jury might have concluded from the fact that he was 150 feet away and traveling at only 12 miles per hour when he became aware of this situation and yet failed to avoid colliding with the car ahead the defendant was not in the exercise of ordinary care, and if they had done so we should have concluded, just as we do as to the verdict actually rendered, that the evidence was sufficient to support the verdict. Consequently, we move to a consideration of the special grounds.

■ In ground 4 error is assigned upon the refusal of the court to give all of a requested charge. The request was in two paragraphs, one to the effect that the negligence of a husband is not, by virtue of the relationship of husband and wife, imputable to the wife. That was given as requested. The other paragraph requested was: "I further charge you that if the husband was negligent, as to which the court expresses no opinion, and if any such negligence was the joint concurring cause of the injury to the plaintiff, if any, the plaintiff would not be barred by virtue of any imputation of negligence of her husband; nor under such circumstances would this constitute any basis for reducing the damages, if any, which you might otherwise find the plaintiff wife was entitled, as to which latter I express no opinion."

The jury might well have concluded that plaintiff's husband here was negligent in the stopping of his car in the street, or that his manner of so doing was in some respect negligent. But we think, as we have indicated above, that they may also have concluded that the defendant was negligent in failing to bring his car to a stop before colliding with the Hirsch car, or in some other manner avoiding a collision with it. In that situation, unless they should conclude that the husband's negligence was the sole proximate cause of plaintiff's injury it must follow that his negligence may have been a joint concurring cause.

Since this is a reasonable probability under the evidence before the jury here, we think that the request was proper and that the court erred in refusing to give it. The request, though in two paragraphs and stating two principles of law, is not defective for that reason under the facts here because both are correct and applicable statements of principles and the second paragraph and principle (not given) is dependent upon and related to the first. The two are not conflicting, and both are correct, pertinent and proper. Nor are they "commingled and confused in the same sentence" as in *Childers v. Ackerman Const. Co.*, 211 Ga. 350, 352 (1) (86 SE2d 227).

■ In ground 5 error is assigned upon the refusal of the court to charge, upon proper request: "The doctrine of last clear chance is utilized in the State of Georgia. Thus, if you find that the plaintiff's husband may have been guilty of negligence which contributed to the accident and the injury by putting his wife in a position of peril, as to which the court expresses no opinion, yet if thereafter the defendant, seeing the position in which the plaintiff was, had an opportunity by the exercise of reasonable care and prudence to save her from the consequences of her husband's negligence, it was the defendant's duty to do so, and if he failed to do so and that was the immediate proximate cause of the injury to the plaintiff, she may still recover by reason of what is called the last clear chance doctrine."

It is to be noted that the court did charge on three separate occasions that if the driver of plaintiff's car (her husband) was negligent and his negligence was the sole proximate cause of her injuries, she could not recover. Additionally he charged that if the husband's failure to give warning of his intention to stop was the sole proximate cause of her injury or if the plaintiff failed to carry the burden of proving that her injuries were proximately caused by the defendant, she could not recover, and that the mere fact that an automobile skids on a slippery pavement does not in and of itself constitute negligence.

The defendant's primary contention was that he skidded into it because he did not have time to stop or turn out and avoid the vehicle in which plaintiff was riding. The plaintiff's primary contention was that he might in the exercise of ordinary care

have done either of these things. Her view is well supported by the distance away that defendant saw plaintiff's automobile, his slow speed, and the cleared entrance way to the service station which he passed prior to the point of impact.

In this view of the evidence, and especially after the reiteration by the court of circumstances under which the plaintiff could not recover, it would be a proper statement of the law and perhaps necessary to an unbiased exposition of it, to add at some point the principle of this requested charge.

In *Georgia Automatic Gas Co. v. Fowler*, 77 Ga. App. 675, 679 (49 SE2d 550), the court approved an instruction that "if . . . the driver of the car in which the plaintiff . . . was riding was negligent and by his negligence placed the plaintiff . . . in peril, and that such position of peril were known or in the exercise of ordinary care should have been known to defendant's driver, and defendant's driver then and there was negligent in any one or more of the particulars alleged in plaintiff's petition, then plaintiff would be entitled to recover," holding the instruction correct because "the charge on which error is assigned is an application of the last clear chance doctrine to the evidence in the case." The allegations of negligence in this petition are following too closely, failing to yield the right of way, failing to keep a proper lookout ahead, driving into the automobile occupied by the plaintiff, and failing to stop the car before striking it.

It has often been said that there is no magic in nomenclature. The plaintiff was entitled to have the principle of law here requested given in charge, and the fact that she called it last clear chance does not destroy the effect of the principle; it is exactly what this court has done on many occasions. Perhaps it would be better and maybe less confusing to the jury if the technical legal phrase "last clear chance" were not used in the charge. In *Atlantic C. L. R. Co. v. Coxwell*, 93 Ga. App. 159 (91 SE2d 135), it was finally made clear that *last clear chance* does not apply *against* a non-negligent plaintiff. There is danger that by thinking in terms of semantics we will arrive at the conclusion that the rule of law which we have tagged last clear chance does not exist in any form, and thus confuse superseding cause with concurrent negligence. Specifically, prior to *Coxwell* the non-

negligent plaintiff had to take a choice between the tortfeasor guilty of the original negligence which placed him in a position of peril and the subsequent negligence of another tortfeasor who injured him by failing to avoid that peril. If he chose to sue the original tortfeasor and it was shown that another failed to avoid, that failure was considered a superseding and therefore sole proximate cause insulating the first. We should not go equally far in the other direction—holding that the original tortfeasor is the sole proximate cause of the injury, and that the negligence of the second tortfeasor who failed to avoid need not be taken into account.

■ In ground 6 error is assigned upon a portion of the charge in which the court called the attention of the jury to the provisions of *Code Ann.* §§ 68-1647 (c) and 68-1648 (a), dealing with the requirement that any driver of a vehicle on the public highways or streets must, upon stopping or suddenly decreasing his speed, give appropriate signal either by means of the hand and arm or signal lamps or mechanical devices. There was testimony to the effect that plaintiff's husband, although giving no arm signal, was driving a car equipped with signal lamps on the rear which he had reason to believe, but could not swear, were in working order. Under this evidence the charge was appropriate.

■ In ground 7 error is assigned upon a portion of the charge defining "accident" and outlining to the jury the theory of accident as being an occurrence without fault or negligence and which excludes responsibility for the cause of the injury. The charge on this subject was full and, as a statement of the law, was correct. Although the evidence indicating that the collision between the car in which plaintiff was riding and the defendant's vehicle may have resulted from an accidental means or cause was sparse, yet we think that the testimony of the only eyewitness in position to make the observation that when he looked up and saw it the defendant's car "had passed the point where our entrance driveway starts and was sliding into the curb. It was sliding along. He had already turned to the right and was sliding at a sort of an angle. He cut to avoid hitting the car in front, cut out of the ruts and his left front hit the right rear of the Hirsch Plymouth. The front wheels had gotten out of the

rut, but the rear wheels were still in them. I couldn't estimate his speed in the snow, but he was sliding. He had started turning right to try to avoid hitting the car," was sufficient to authorize the charge.

■ In ground 8 error is assigned upon eight separate excerpts from the charge, some of considerable length and none of which are contended to be erroneous except that cumulatively they "inferred that there was evidence in the case by which the jury could have found that the acts of the plaintiff's host driver were the sole proximate cause of plaintiff's injury" and that "this was not adjusted to the evidence." We do not find the several excerpts subject to the error assigned. Since it was shown that the host driver did stop his car in the street and in the ruts wherein all traffic traveling in that direction must move because, as plaintiff alleged in her petition, vehicles could not safely turn out of them, and since it is common knowledge that snow and ice on the street produce dangerous and slippery conditions for traffic, a jury question was raised as to whether the acts of the host driver, his manner of stopping at the time and place and under the existing conditions, may have been the sole proximate cause of plaintiff's injury. The charge was authorized.

*Judgment reversed for the reasons stated in the second and third divisions. Felton, C. J., and Russell, J., concur. Eberhardt, J., concurs specially.*

EBERHARDT, Judge, concurring specially. I concur in the judgment of reversal and in what is said in the opinion, except as to Division 3. Since my views on the matter there dealt with differ somewhat, I take the liberty of stating them here.

One may wonder why the plaintiff here, having the status of a guest against whom no negligence was shown and to whom none could be imputed from the host driver, since it did not appear that she controlled or had the right to control the host's conduct, should wish a charge on this doctrine. Its origin is the invention by the courts of an escape or relief from the harsh doctrine of contributory negligence that for so long had barred recovery by a plaintiff who was guilty of any negligence that may have been the cause of his injury—no matter how negligent the defendant had been. It reaches back to Davies v. Mann, (1842),

10 Mes. & W. 546, 152 Eng. Reprint, 588, 19 Eng. Rul. Cas. 190, where it was held that a plaintiff who had left his ass fettered in the highway was not barred from a recovery against the defendant who drove into it since the defendant might, by the exercise of ordinary care, have avoided doing so. From the facts of this case the doctrine has on occasion been referred to as the "jackass doctrine," but more often and generally as the last-clear-chance doctrine, the avoidance, discovery of peril, or the humanitarian doctrine.

The authorities are in accord that since it is a rule designed as a defense against the contributory negligence doctrine, its application *presupposes* negligence on the part of the person injured or killed, or of the plaintiff. 38 Am. Jur. 903, Negligence, § 217; 65 CJS 762, Negligence, § 137; Anno. 92 ALR 47, 48; 119 ALR 1041; Prosser on Torts (Hornbook, 1941) 408, § 54; and see 2 Harper & James, The Law of Torts, (1956) p. 1241, § 22.12, et seq.; MacIntyre, Rationale of Last Clear Chance, 53 Harvard L. Rev. 1225 (1940).

"The doctrine of the last clear chance presupposes a perilous situation, created or *existing through the negligence of both plaintiff and defendant,* but assumes that there was a time after such negligence has occurred when the defendant could, and the plaintiff could not, by use of the means available avert the accident." (Emphasis supplied). Shea v. Pilette, 108 Vt. 446 (189 A 154, 109 ALR 933). "The doctrine . . . simply means that, *notwithstanding the previous negligence of the plaintiff,* if at the time the injury was done it might have been avoided by the exercise of reasonable care on the part of the defendant, the defendant will be liable. . . To make the doctrine . . . apply, the situation must be such that the defendant might avoid the injuries after the plaintiff had *by her own act* placed herself in a position of peril that was or should have been apparent to the defendant." (Emphasis supplied). Kruger v. Omaha &c. R. Co., 80 Neb. 490 (114 NW 571, 17 LRA (NS) 101, 127 ASR 786). "[T]he doctrine . . . [is] a two-edged sword cutting both ways, in other words, equally as applicable to the rights of a defendant as it is to those of a plaintiff," and if it should appear that plaintiff could have extricated himself from his peril and

failed to do it, he may not recover. Cantu v. South Texas Transp. Co. (Tex. Civ. App.) 110 SW2d 995.

It has been referred to as a transitional doctrine from the harsh medieval principle of contributory negligence which enjoyed a rather early and widespread acceptance simply because it afforded a more equitable manner of adjusting the rights of parties both of whom were to some extent or in some manner at fault. However, a more recent development that evolved from the doctrine is the application of a proportional or comparative negligence test. Professor James, pointing to some of the deficiencies or inequities resulting from the "mechanical timing of a purely theoretical opportunity" which had ingrained itself into the application of the doctrine, asserted that "these difficulties would all be swept away by a statutory adoption of the principle of proportional fault." James, Last Clear Chance: A Transitional Doctrine (1938), 47 Y.L. J. 704. Of course Georgia had it already in *Code* §§ 66-402 and 105-603. It was thought by some that our adoption of the comparative negligence rule abolished the doctrine which places on the plaintiff the burden of showing that the negligence of the defendant came (a) after defendant had discovered or should have discovered his position of peril, and (b) when the plaintiff could not, by the exercise of ordinary care, extricate himself from it, and under which it becomes a matter of determining who the last wrongdoer was. Certainly the comparative negligence rule is a more liberal one, for it simply requires that there be a balancing of the negligence of the parties—no matter about the delicate timing—if it can be seen as the proximate or concurring proximate cause of plaintiff's injury. Cf. *Southern R. Co. v. Daniell*, 102 Ga. App. 414 (1) (116 SE2d 529), where a situation was handled under the comparative negligence rule rather than the last clear chance doctrine.

Mississippi adopted the comparative negligence rule in 1942 (Miss. Code Ann. § 1454), and it was thought by the bar of that state that this eliminated the last clear chance doctrine. But the Federal court apparently revived it as an available doctrine in Underwood v. Illinois Cent. R. Co., 205 F2d 61 and 235 F2d 868 (5th Cir.). In Price, Applicability of the Last

Clear Chance Doctrine in Mississippi (1958), 29 Miss. L.J. 247, the author asserts that in view of these recognitions of the doctrine as being applicable under the Mississippi law "the . . . doctrine has ceased to be merely an interesting academic or theoretical exercise in mental gymnastics for the legal scholar, and has become an important practical consideration for the trial lawyer . . . [I]t will serve as a *restriction* or *limitation* upon our comparative negligence doctrine to an extent not heretofore recognized." (Emphasis supplied).

In *Smith v. American Oil Co.*, 77 Ga. App. 463, 490 (49 SE2d 90),[1] Judge Gardner asserted that "The doctrine of contributory negligence under the common law and that doctrine as modified by the rule of the last clear chance under the common law, have no place in our rule of comparative negligence and apportionment of damages under our Code sections as such. Such doctrine or rule of contributory negligence and the rule of last clear chance are involved in and vanish as such into our principle of comparative negligence and apportionment of damages. They are involved to some extent in our principles, but they vanish as they were known and operative under the common law." I find full agreement with Judge Gardner. There is no logical place under our comparative negligence principle for applying the doctrine of last clear chance. It is, and should be, simply a matter of balancing negligence under the facts, if the negligence is found to be a proximate cause. However, it must be observed that our courts have continued to apply the doctrine, and to give approval to its application.

---

[1]Dean Hilkey asserted that this is a "well reasoned case" and that "it is not too much to hope that Judge Gardner's opinion as to the doctrine of last clear chance in Georgia will be adopted not only by the other division[s] of the Court of Appeals but by the Supreme Court when the question comes before that tribunal." (It would appear that the Court of Appeals did unanimously adopt the doctrine of Judge Gardner insofar as it may apply to a non-negligent plaintiff in *Atlantic C. L. R. Co. v. Coxwell*, 93 Ga. App. 159). See, *Actions for Wrongful Death in Georgia*, 22 GBJ 459, at p. 466, and case note on *The Doctrine of Last Clear Chance in Georgia*, 13 GBJ 104, 110.

See *Grayson v. Yarbrough,* 103 Ga. App. 243, 246 (119 SE2d 41). In fairness it must be pointed out that the first sentence[2] of *Code* § 105-603 may very well have the effect of freezing the doctrine into our law as it applies *against the plaintiff.*

A similar request for charge was denied by the trial court and the Supreme Court of Florida affirmed in Union Bus Co. v. Bowen, (Fla.) 184 S 17 because "there was no evidence of negligence of the plaintiff." It is true that the plaintiff in that case was not a guest, but the driver of his vehicle. Does the fact that the plaintiff here was a guest, and non-negligent, make a difference? Is the doctrine applicable in this situation because of that fact?

I think not. Since it originated purely as an escape from the harsh contributory negligence rule, *a fortiori* it finds no purpose to serve unless the plaintiff or the insured person has been negligent. This was made plain and clear in *Atlantic C. L. R. Co. v. Coxwell,* 93 Ga. App. 159, supra, a full bench decision in which all the judges concurred. The plaintiff, like the plaintiff here, was a guest in an automobile and non-negligent. She brought suit against her host driver and the railroad, charging each with certain acts of negligence. It was the contention of the railroad, on demurrer, that the allegations of the petition showed that the negligence of the host driver was the sole proximate cause of plaintiff's injury. This court disagreed with that contention and proceeded to give a careful and thorough consideration to the avoidance or last clear chance doctrine in situations of that kind. It was held: "This Code section [105-603] and these rules of law—the avoidance doctrine and the last-clear-chance doctrine—apply only where there is a *negligent* plaintiff. There is no issue in this case that the guest plaintiff here was not in the exercise of ordinary care for her own safety . . . As stated in 65 CJS 759, § 136: 'It has been said that the doctrine [of last clear

---

[2]This principle has its genesis in the declaration during the reign of Edward IV that if the act which caused the damage was the act of the plaintiff himself he could have no cause of action. III Holdsworth, History of English Law 378 (3rd Ed. 1923). See also *Code* § 105-1803.

chance] is one involving nice distinctions, often of a technical nature, and the courts should be wary in extending its application. Accordingly, *the doctrine cannot be extended into the field of joint tortfeasors, as a test of whether one of them only should be held liable to the injured person by reason of having discovered his peril.'* . . . As to a negligent plaintiff, failure to avoid the peril caused by the negligence of another may be the sole proximate cause of the injury. As to a non-negligent third party plaintiff this negligence may be merely a concurrent or intervening cause, 'in reality only a condition on or through which a negligent act . . . operates to produce an injurious result' which does not break the line of causation. 38 Am. Jur. 723, § 67." And finally the court concludes: "What is here held, among other things, is that the last-clear-chance doctrine cannot be applied in a case where the plaintiff is guilty of no negligence."

The wisdom of this conclusion is obvious when we, remembering the origin of the rule and its purpose, see that if it were applied in a situation involving a non-negligent third party plaintiff it would, as Judge Townsend warned in *Coxwell,* be no more than a test of whether one only of the joint tortfeasors should be held responsible. The fact that plaintiff here did not proceed against her host driver can make no difference. If the matter be left to an application of our comparative negligence rules plaintiff is not saddled with a burden of showing a timing of this defendant's negligence in failing to take advantage of a last opportunity to extricate her from her peril. Rather, she has the advantage of proving the facts, whatever they may be, and leaving it to the jury to balance the defendant's negligence with that of her host driver solely to determine, as to her, whether the negligence of the host driver may have been the sole proximate cause of her injury. Absent that finding, if the negligence of the defendant be found a proximate, though concurring, cause with the negligence of the host driver, she is not to be precluded from recovery or to have her damages diminished. It is reduced to the more simple matter of proximate cause. That is more liberal and more humanitarian than the last clear chance doctrine could ever be. It is so in all negligence actions,

458

and as Judge Gardner indicated, was thought to be and should be the rule for them all since the adoption of the comparative negligence statutes.[3]

Simply because negligence on the part of the plaintiff is an essential element in the last clear chance doctrine it has been held that one who invokes the doctrine confesses his own negligence. Mooney v. Terminal R. Assn. of St. Louis, 352 Mo. 245 (176 SW2d 605). It was invoked by pleading the doctrine in that case. But if a plaintiff requests a charge of the court upon the doctrine it would seem that the same result might come from it. No such contention is raised here because of the refused request, nor do we make any ruling on it.

Certainly there is no contention made in this record that the plaintiff was lacking in ordinary care for her own safety, nor is there any evidence of negligence on her part. The request had

---

[3]"The application of the 'last clear chance' doctrine to Georgia cases would seem to be error. The comparative negligence doctrine and the equal or greater negligence doctrine seem to take care of any situation that may arise where defendant's negligence follows that of plaintiff and contributes to plaintiff's injury. The section [105-603] of the Code seems to be quite clear on this question for it is provided that 'In other cases the defendant is not relieved, although the plaintiff may in some way have contributed to the injury sustained.' 'Other cases' certainly would include situations in which defendant negligently injured plaintiff after plaintiff's negligence was in existence. Furthermore, there is no statutory avoidance limitation applicable to defendant which would relieve him if he used ordinary care to avoid injuring the plaintiff. The defendant consequently should be chargeable with diligence to keep his force under control so that he may not cause injury to the plaintiff who has gotten himself into a dangerous situation. Even as to plaintiff, it seems to be a bit of judicial legislation to have fixed a point at which plaintiff's duty to avoid defendant's negligence should begin, rather than to charge plaintiff with the duty to control the force he has created during the entire period prior to the point of injury. The English cases from which the Georgia avoidance doctrine was derived did not so limit plaintiff's duty." Hilkey, *Comparative Negligence In Georgia*, 8 GBJ 51, 59.

no application to the situation presented and the learned trial judge committed no error in refusing to give it.

I am not unaware of *Georgia Automatic Gas Co. v. Fowler*, 77 Ga. App. 675, supra, in which the court approved an instruction that if the driver of the car in which the plaintiff was riding was negligent and by his negligence placed the plaintiff in peril, and such position of peril were known to defendant's driver, and defendant's driver then and there was negligent in any one or more of the particulars alleged in plaintiff's petition, then plaintiff would be entitled to recover, observing that "the charge on which error is assigned is an application of the last clear chance doctrine to the evidence in the case." It is to be noted that *Fowler* was decided by a division of three judges or half of the court as it then existed in 1948, while *Coxwell* was decided by the full court of six judges, all concurring, in 1955. Insofar as it may be contended that *Fowler* has any application in a suit brought by a non-negligent plaintiff I take it that when the court asserted that certain named cases and "any others of like purport" were overruled it included *Fowler*, though it was not among those listed.