## 43933. SEABOARD COAST LINE RAILROAD COMPANY v. DAUGHERTY.

ARGUED SEPTEMBER 6, 1968—DECIDED SEPTEMBER 30, 1968— REHEARING DENIED OCTOBER 15, 1968—

*Larry E. Pedrick, Hubert H. Howard,* for appellant.

*Joseph B. Bergen,* for appellee.

HALL, Judge. 1. The defendant's first enumeration of error is that the trial court erred in overruling its motions for directed verdict and for judgment notwithstanding the verdict. In an FELA case, whether the evidence is insufficient to present to the jury issues of the defendant's liability, and therefore demands a verdict for the defendant, is a federal question upon which decisions of the United States Supreme Court must be followed by a State court. St. Louis Southwestern R. Co. v. Simpson, 286 U. S. 346 (52 SC 520, 76 LE 1152); Southern R. Co. v. Gray, 241 U. S. 333 (36 SC 558, 60 LE 1030). More than "a scintilla" of evidence is required to make a jury issue under the federal rule. Brady v. Southern R. Co., 320 U. S. 476 (64 SC 232, 88 LE 239); Jesionowski v. Boston & Maine

R., 329 U. S. 452, 457 (67 SC 401, 91 LE 416, 169 ALR 947); Atchison, Topeka & Santa Fe R. Co. v. Toops, 281 U. S. 351 (50 SC 281, 74 LE 896). In the present case the evidence of negligence on the part of the defendant was substantial and was sufficient to sustain a verdict for the plaintiff under the federal rule, and did not authorize the direction of a verdict for the defendant. Western & Atlantic R. v. Hughes, 278 U. S. 496, 498 (49 SC 231, 73 LE 473).

2. The trial court did not err in overruling the defendant's exception to the charge, "Under the Federal Employers' Liability Act recovery for injuries is not necessarily barred because an injured employee may have participated in the act which caused the injury or death." This charge was given in context with other charges that the plaintiff's husband had the duty to exercise ordinary care for his own safety and his failure to do so would constitute negligence; that if the plaintiff's husband was negligent this would not defeat the plaintiff's recovery but would diminish the damages recoverable proportionately by the amount of the deceased's negligence as compared to the total negligence of both parties; that if death was caused solely by the deceased's own negligence the plaintiff would not be entitled to recover, and that the plaintiff had the burden to show that death was caused in whole or in part by specifically alleged negligence of the railroad. The charge excepted to was perhaps repetitious but was not error and was consistent with the opinion on the former appeal in this case, Atlantic C. L. R. Co. v. Daugherty, 116 Ga. App. 438, 446 (157 SE2d 880).

3. The trial court did not err in overruling the defendant's exception to the charge that "where an employee with the knowledge of the railroad and without disapproval of the railroad used a certain passageway to cross tracks at certain points, other employees of the railroad in charge of a train and aware of such custom are bound to anticipate that persons may be on the track at that certain point and take precautions accordingly." The ground of the exception was that there was no evidence of a customary passageway for employees crossing tracks of which the trainmen were aware.

The charge could have been more precisely adjusted to the

evidence that a crew operating a train on the switch track at the location was required to obtain permission to enter the track from the dispatcher by using a telephone across the main tracks from the switch track, as had been done shortly before the deceased was killed. Whether or not literally this should be called a customary passageway to cross tracks, it does not appear that the charge would have been harmful in view of all the evidence.

4. On the issue whether the trial court erroneously instructed the jury on the negligence doctrine of "last clear chance" (Enumerations of error 4, 5, 6 and 7), the Federal Employers' Liability Act, supra, as interpreted by the Supreme Court of the United States is the sole authority. St. Louis Southwestern R. Co. v. Simpson, 286 U. S. 346, supra; Pitcairn v. Perry, 122 F2d 881, 883 (8th Cir. 1941); Nashville, C. & St. L. R. Co. v. York, 127 F2d 606, 628 (6th Cir. 1942); Brennan v. B. & O. R. Co., 115 F2d 555 (2d Cir. 1940). The Act provides that "the fact that the employee may have been guilty of contributory negligence shall not bar a recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee." 35 Stat. 66, 45 U.S.C.A. § 53. Unlike the Georgia "apportionment of damages" law, this statute permits a negligent plaintiff to recover a portion of his damages when the defendant's negligence contributes less than the plaintiff's to the injury. The damages are reduced in the proportion that the plaintiff's negligence bears to the total negligence of both parties. Norfolk &c. R. Co. v. Earnest, 229 U. S. 114, 122 (33 SC 654, 57 LE 1096).

The Georgia law provides for apportionment of damages in some cases, but provides that a negligent plaintiff is completely barred from recovery from a negligent defendant if the plaintiff was in a position of danger because of his own failure to exercise ordinary care for his own safety; if he failed to exercise ordinary care to avoid the consequences of the defendant's negligence after it was known or reasonably apprehensible to him (the last clear chance applied to the plaintiff); or if his own contributory negligence was equal to or greater than that of the defendant. *Code* § 105-603; *Southern R. Co. v. Daniell,* 102 Ga. App. 414,

417 (116 SE2d 529); *Underwood v. Atlanta & W. P. R. Co.,* 105 Ga. App. 340, 358 (124 SE2d 758); *McDonald v. Vaughan,* 115 Ga. App. 544 (154 SE2d 871). With this complex statutory and common-law so-called comparative negligence rule the Georgia courts have unfortunately displayed a lack of consistency in applying the last clear chance rule. *Grayson v. Yarbrough,* 103 Ga. App. 243, 246 (119 SE2d 41); *Hirsch v. Chapman,* 109 Ga. App. 444, 452 et seq. (136 SE2d 409). In any event, the Georgia law is irrelevant to an FELA case, in which the law requires apportionment or diminution of damages according to the plaintiff's negligence as compared with the combined negligence of both parties.

The United States Supreme Court has decided no FELA case to our knowledge when it was necessary to decide whether the defendant would be liable for the plaintiff's total damages by application of the last clear chance rule to the evidence. Therefore, there is no decision controlling the State courts on this issue. In St. Louis Southwestern R. Co. v. Simpson, 286 U. S. 346, supra (1932), the plaintiff admitted that the deceased employee was negligent and relied for recovery on the railroad's last clear chance. The evidence in that case as to the railroad's discovery of the deceased's peril and opportunity to counteract it was held insufficient to "wake into life the doctrine of last clear chance" and relieve the deceased from the sole responsibility for his death. Some federal circuit courts have also rejected contentions by plaintiffs that the evidence authorized an application of the last clear chance doctrine to support a verdict against the railroad. Deere v. Southern Pac. Co., 123 F2d 438 (9th Cir. 1941); Atlantic Coast Line R. Co. v. Anderson, 267 F2d 329 (5th Cir. 1959). We know of one decision of a circuit court, affirming a verdict for the plaintiff, holding that the evidence presented questions for submitting to the jury whether the defendant's trainmen were primarily negligent and whether they were at fault under the doctrine of the last clear chance. Chicago, M., St. P. & P. R. Co. v. Kane, 33 F2d 866, 868 (9th Cir. 1929).

Federal courts in admiralty cases have taken the view that, since the last clear chance rule was ameliatory of the strict

common-law rule of contributory negligence, there was no occasion to apply it in admiralty cases, in which the traditional rule is division of liability and damages when both parties are negligent. The Steam Dredge No. 1 v. Nelson, 134 F 161, 168 (1st Cir. 1904); The Norman B. Ream v. Pittsburgh S. S. Co., 252 F 409, 414 (7th Cir. 1918); Anno. 59 ALR2d 1261, 1268.

"The theory commonly called the 'last clear chance' . . . means that if two persons have been at fault and their faults are in sequence, the second comer in certain circumstances will be held solely responsible for the injury." Jerrell v. New York Cent. R. Co., 68 F2d 856, 857 (2d Cir. 1934). Traditionally the last clear chance doctrine permits recovery by a negligent plaintiff of his *total* damages when there is a certain kind of negligent omission by the defendant, i.e., the defendant fails to act in some possible way to avoid injuring a person in some apprehensible and/or discovered peril. "The doctrine has been called a transitional one, a way station on the road to apportionment of damages; but its effect has been to freeze the transition rather than to speed it. As an ultimate just solution, it is obviously inadequate, since, except in a few cases where a part of the plaintiff's damages have occurred before the 'last clear chance,' it merely transfers from the plaintiff to the defendant an entire loss due to the fault of both." Prosser on Torts (2d Ed.) 290, 292, § 52. It is important to note that the doctrine cuts both ways and can be applied to prevent any recovery by a plaintiff who could have extricated himself from peril and failed to do so. In this type of situation it permits a negligent defendant to escape all liability for damages. See *Hirsch v. Chapman*, 109 Ga. App. 444, 454, supra.

In our opinion in an FELA case the defendant's negligent omission to avoid injury to the plaintiff who is in peril can only be a part of the combined negligence of the plaintiff and defendant from which the plaintiff's portion of negligence is to be subtracted to arrive at the recoverable damages. In our opinion, under this law the last clear chance rule is obsolete except insofar as it defines one variety of negligence and is merged into the rule for apportioning damages. See Anno. 59 ALR2d 1261, 1263; 98 ALR2d 653, 682. "The doctrine of contributory negligence and

the rule of last clear chance are involved in, and vanish as such into, the principle of comparative negligence and apportionment as damages." Budd, The Validity of Retaining the Last Clear Chance Doctrine in a State Having a Comparative Negligence Statute, 1 Ga. State Bar J. 500, 505; 2 Harper & James, The Law of Torts, 1241-1263, §§ 22.12—22.14; Anno. 59 ALR2d 1261, 1263; 98 ALR2d 653, 682.

The Act itself supports this view. *"In all actions* hereafter brought against any such common carrier by railroad under or by virtue of any of the provisions of this chapter to recover damages for personal injuries to an employee, or where such injuries have resulted in his death, the fact that the employee may have been guilty of contributory negligence shall not bar a recovery, but *the damages shall be diminished* by the jury in proportion to the amount of negligence attributable to such employee." 45 U. S. C. A. § 53. (Emphasis supplied.) No controlling authority that we have found or cited is contrary to this conclusion, and in none of the federal cases was the issue faced whether a defendant would be liable for the plaintiff's total damages, when it was in fact negligent only in failing to act when it had the last clear chance to prevent the plaintiff's injury.

The trial court erred in giving the jury the instructions excepted to.

5. It is difficult to understand how the charge complained of in Enumeration 8 purported to relate to the evidence. If it was to instruct to the effect that, if the railroad dispatcher directed the deceased to cross the tracks his knowledge of the deceased's presence would be imputed to the trainmen, or if it was to instruct that the knowledge of the conductor of the train on the switch track would be imputed to the trainmen operating the train on the main line, it was error. It would not be error to instruct, when the evidence at a trial would support the instruction, that if the jury found an agent of the defendant was negligent in directing the deceased to cross the tracks at a place where the agent knew a train was traveling at the time, the agent's knowledge and negligence would be imputed to the defendant. However, the charge complained of in the present case is confusing

to us and possibly was to the jury. Because the case is being reversed on other grounds, it is not necessary to decide whether this error was harmful.

6. Enumerations 9 and 10. The defendant contends that the trial court, in charging the defendant's request to the effect that the plaintiff had the burden of proving an act or acts of negligence specifically alleged and could not recover for any others, erred in omitting the further instruction, "and liability cannot be predicated on a mere speculation." While the statement omitted from the request is true, it was implicit in the charge as given and in other parts of the charge. The omission to charge further was harmless and is not a ground for reversal.

7. Section 21 (p) of the Appellate Practice Act, Ga. L. 1965, pp. 18, 39, repealed former *Code* § 70-207 relating to the charge of the court, which was the basis for former holdings that the trial court must give a pertinent request in its exact language. The same reasoning applies to the court's failure to give the defendant's request No. 16 in its exact language.

*Judgment is reversed for the reason stated in Division 4.  Bell. P. J., and Quillian, J., concur.*