Janet **ZEIGLER**, by her next friend, G. M. Zeigler, Jr., Plaintiff-Appellee.

v.

**SEABOARD COAST LINE RAILROAD COMPANY, Defendant-Appellant.**

Mrs. Elizabeth F. **ZEIGLER**, Plaintiff-Appellant,

v.

**SEABOARD COAST LINE RAILROAD COMPANY, Defendant-Appellee.**

No. 29843.

United States Court of Appeals, Fifth Circuit.

Jan. 19, 1971.

---

Cam Young, Valdosta, Ga., William U. Norwood, III, Roy M. Lilly, Frank T. Holt, Alexander, Vann & Lilly, Thomasville, Ga., for Seaboard Coast Line Railroad Co.

Wilby C. Coleman, J. Converse Bright, O. W. Franklin, Valdosta, Ga., for Janet Zeigler and Elizabeth F. Zeigler.

Before BELL, DYER and RONEY, Circuit Judges.

PER CURIAM.

An unlicensed 14 year old girl, driving the family car with parental permission, was injured in a grade crossing collision with a locomotive. Her 12 year old sister, riding as a passenger with her mother's permission, was killed. The driver-daughter received a jury verdict against the railroad for $25,500 for her injuries, while the mother's suit for damages for the death of her passenger-daughter resulted in a verdict for the defendant, both suits being tried at the same time. An appeal was taken by each of the losing parties asking for new trials. Finding no error, we affirm in each instance.

These are diversity cases and Georgia substantive law applies.

## I.

Seaboard Coast Line Railroad Company first argues that the trial court should have granted a mistrial or rebuked counsel for Janet Zeigler, the injured driver, when in his opening statement he referred to the grade crossing as a "death trap." The control by the trial court of counsel's conduct during an opening argument is a matter of trial procedure controlled by federal law in diversity cases. Har-Pen Truck Lines, Inc. v. Mills, 378 F.2d 705 (5th Cir. 1967). The rebuke of counsel and the grant or denial of a mistrial is usually discretionary with the trial court. The exercise of this discretion will not be disturbed unless abused. Pasotex Pipeline Co. v. Murray, 168 F.2d 661 (5th Cir.1948).

In some states the words "death trap" have been legally defined and are words of art. E.g., Draiss v. Payne, 158 La. 652, 104 So. 487 (1925). The words in Georgia, however, do not appear to be defined by statute or case language. It was not reversible error for the trial judge to rule that this was a figure of speech, a little flight of oratory, that de-

fense counsel could well handle during the course of the trial without court intervention.

The other points of appeal by Seaboard challenge the correctness of two charges concerning Georgia law. Each of these has been upheld by the Georgia Court of Appeals in a state case involving this same accident and we are bound thereby. Seaboard Coast Line R.R. v. Zeigler, 120 Ga.App. 276, 170 S.E.2d 60 (1969).[1] The differences in the evidence in the state court and this court are not sufficient to make the charges reversible error here.

## II.

■ The first points of appeal by Mrs. Elizabeth F. Zeigler, who failed to recover for damages as a result of the passenger-daughter's death, concern the admission of the testimony of H. O. Welch, the engineer in the locomotive involved in the collision. He testified that eight days prior to this accident, the same car with two girls in it raced his train to the same crossing. The trial court admitted the evidence for the limited purpose of showing the competence of the driver. The driver's competency was properly in issue as to the alleged negligence of the mother in permitting her minor daughter to ride with an incompetent driver.

It was not error to let this testimony go to the jury. The weight to be given to it was for the jury to determine. Torrence v. Union Barge Line Corp., 408 F.2d 873 (5th Cir.1969).[2]

■ The remaining points of appeal in Mrs. Zeigler's case concern jury charges which it is not necessary to discuss. An isolated sentence or two extracted from an otherwise lengthy charge may appear to misstate the law while a complete reading of the instructions will show that no error has occurred. The question for determination is not whether a single sentence misquotes the law but whether the charge as a whole fairly instructs the jury on the law to be applied to the facts as it finds them. Webster v. Sea Drilling Corp., 411 F.2d 411 (5th Cir.1969); Garrett v. Campbell, 360 F.2d 382 (5th Cir.1966). Holding this to be the case here, we find no error.[3]

Both judgments are affirmed.

---

1. In this companion case, G. M. Zeigler, the father of the two girls, recovered a verdict for damages to his automobile and for medical and funeral expenses. The charges here appealed are discussed in Points 2 and 3 of the state court opinion affirming that verdict.

2. In accordance with Rule 43, this Court has followed a liberal policy favoring the admissibility of evidence. Young v. United States, 327 F.2d 933 (5th Cir. 1964).

3. The fact that the driver recovered and the mother suing for damages for the

death of a minor passenger did not is a curious outcome of these two cases which were tried together. However, such a verdict is legally possible without trial error because the Georgia comparative negligence law required the jury to evaluate the relative negligence of each party involved. Ga.Code Ann., Sections 105–603, 94–703; Seaboard Coast Line R. R. v. Daugherty, 118 Ga.App. 518, 164 S.E.2d 269 (1968); Smith v. American Oil Co., 77 Ga.App. 463, 49 S.E.2d 90, 105–108 (1948).